823 F.2d 231
 56 USLW 2100, Fed. Sec. L. Rep. P 93,301,
RICO Bus.Disp.Guide 6690
 Harold G. NESSLAGE and Vernetta M. Nesslage,
Appellees/Cross-Appellants,
v.
YORK SECURITIES, INC. and Harvey Samson, Appellants/Cross-Appellees.
Verrilli Altschuler, Schwartz, Inc., Pace Rooney, Inc.,
Solomon Poupko, Irwin J. Dublirer, Stanley
Altschuler, Barry Sutz and James Cohen.
 Nos. 85-2124, 85-2235.
 United States Court of Appeals,
Eighth Circuit.
 Submitted May 12, 1986.
Decided July 9, 1987.
 
 Phillip H. Kalban, New York City, for appellants/cross-appellees.
 John C. Garavaglia, St. Louis, Mo., for appellees/cross-appellants.
 Before McMILLIAN, JOHN R. GIBSON and BOWMAN, Circuit Judges.
 McMILLIAN, Circuit Judge.
 
 
 1
 In No. 85-2124, York Securities, Inc., a stock brokerage firm, and Harvey Samson, a registered account representative employed by York Securities, appeal from an order entered in the United States District Court for the Eastern District of Missouri denying in part their motion to compel arbitration of a complaint filed by Harold G. Nesslage and Vernetta M. Nesslage. The Nesslages alleged York Securities and Samson mishandled their account in violation of Sec. 10(b) of the Securities Exchange Act of 1934 (1934 Act), 15 U.S.C. Sec. 78j(b) (1982), and Rule 10b-5 of the Securities Exchange Commission, 17 C.F.R. Sec. 240.10b-5 (1986) (count I); industry rules (count II); state securities law (count III); the Racketeer Influenced and Corrupt Organizations Act (RICO), 18 U.S.C. Sec. 1961 et seq. (count IV); common law fraud (count V); and breach of fiduciary duty (count VI). The district court granted the motion to compel arbitration of counts III-VI, denied the motion to compel arbitration of count I, and dismissed count II on its own motion for failure to state a claim upon which relief could be granted. Nesslage v. York Securities, Inc., No. 83-703C(6) (E.D.Mo. Aug. 15, 1985) (order). For reversal York Securities and Samson argue the district court erred in denying their motion to compel arbitration of the Nesslages' federal securities claims (count I).
 
 
 2
 In No. 85-2235, the Nesslages cross-appeal. For reversal the Nesslages argue that (1) the district court erred in finding that York Securities and Samson could enforce the margin agreement and its arbitration provision and (2) even if the margin agreement is enforceable, their Sec. 10(b)/Rule 10b-5 and civil RICO claims are not subject to arbitration.
 
 
 3
 For the reasons discussed below, we affirm in part and reverse in part and remand the case to the district court with directions to grant the motion to compel arbitration of the Nesslages' Sec. 10(b)/Rule 10b-5 claims.
 
 
 4
 In Phillips v. Merrill Lynch, Pierce, Fenner & Smith, 795 F.2d 1393, 1397-99 (8th Cir.1986) (Phillips ), cert. denied, --- U.S. ----, 107 S.Ct. 3218, 96 L.Ed.2d 705 (1987), which was decided after the district court's order in the present case, this court considered whether Sec. 10(b)/Rule 10b-5 claims were subject to arbitration in light of recent Supreme Court arbitration decisions and held that such claims were subject to arbitration, thus creating a split among the circuit courts of appeals on that issue. Compare id. at 1399-1400, with McMahon v. Shearson/American Express, Inc., 788 F.2d 94, 98 (2d Cir.1986) (holding civil RICO and Sec. 10(b)/Rule 10b-5 claims were not subject to arbitration), rev'd, --- U.S. ----, 107 S.Ct. 2332, 96 L.Ed.2d 185 (1987), and Miller v. Drexel Burnham Lambert, Inc., 791 F.2d 850 (11th Cir.1986) (per curiam) (similar). After the Supreme Court granted the petition for writ of certiorari in McMahon v. Shearson/American Express, Inc., --- U.S. ----, 107 S.Ct. 60, 93 L.Ed.2d 20 (1986), we deferred our ruling in this case. On June 8, 1987, the Supreme Court reversed and held that both Sec. 10(b)/Rule 10b-5 claims and civil RICO claims are subject to arbitration in accordance with the terms of an arbitration agreement. Shearson/American Express, Inc. v. McMahon, --- U.S. ----, 107 S.Ct. 2332, 96 L.Ed.2d 185 (1987) (Shearson/American Express ) (to be reported at 107 S.Ct. 2332).
 
 FACTS
 
 5
 On June 8, 1981, the Nesslages signed a margin agreement with Q & R Clearing Corp. with respect to a margin account they opened at York Securities for the purchase and sale of securities and commodities. The margin agreement contained the following arbitration provision:
 
 
 6
 [a]ny controversy arising out of or relating to [the account] ... shall be settled by arbitration in accordance with the rules of the American Arbitration Association or the Board of Governors of the New York Stock Exchange.... Judgment upon any award rendered by the arbitrators shall be final and may be entered in any court having jurisdiction thereof.
 
 
 7
 Unfortunately, the Nesslages' account substantially decreased in value and they became dissatisfied with Samson's handling of their account. In March 1983 they filed a multi-count complaint against York Securities, Samson, and two other brokerage firms and their employees. In July 1983 York Securities and Samson filed an answer asserting arbitration as an affirmative defense. The district court denied cross-motions for summary judgment on the state securities law claim (count III) and a defense motion to dismiss the civil RICO claim (count IV), and the parties engaged in discovery during the fall and winter of 1984-1985.
 
 
 8
 In March 1985 the Supreme Court decided Dean Witter Reynolds Inc. v. Byrd, 470 U.S. 213, 216-23, 105 S.Ct. 1238, 1240-43, 84 L.Ed.2d 158 (1985), holding that district courts must compel arbitration of pendent arbitrable claims, even if arbitration could result in the maintenance of separate proceedings in different forums, and should not stay arbitration proceedings or otherwise manipulate the order of the resulting bifurcated proceedings in order to protect the federal interest in the federal court proceedings. On April 25, 1985, relying upon the Dean Witter Reynolds Inc. v. Byrd decision, York Securities and Samson filed a motion to compel arbitration. The district court found that the Nesslages, York Securities and Samson intended that the margin agreement, including the arbitration provision, would govern their brokerage relationship, even though York Securities and Samson were not parties to the margin agreement, and that York Securities and Samson could enforce the margin agreement. Nesslage v. York Securities, Inc., No. 83-703C(6), slip op. at 3. The district court also found that York Securities and Samson were not in default in proceeding with arbitration and thus had not waived their right to enforce the arbitration provision. Id. at 3-4. The district court then determined that the Nesslages' Sec. 10(b)/Rule 10b-5 claims (count I) were not arbitrable. Id. at 4-5, citing Surman v. Merrill Lynch, Pierce, Fenner & Smith, 733 F.2d 59, 61 (8th Cir.1984) (Surman ). However, the district court decided that the other claims (counts III-VI) were arbitrable. These appeals followed.
 
 JURISDICTION
 
 9
 As a preliminary matter, we hold the district court's order granting in part and denying in part the motion to compel arbitration is appealable under 28 U.S.C. Sec. 1292(a)(1) as an order granting or denying injunctive relief in a legal action. The Nesslages' complaint sought compensatory and punitive damages. Surman, 733 F.2d at 61; accord Gans v. Merrill Lynch Futures, Inc., 814 F.2d 493, 495 (8th Cir.1987); Webb v. R. Rowland & Co., 800 F.2d 803, 805-06 (8th Cir.1986) (Webb ) (jurisdiction assumed; reference to Enelow-Ettelson doctrine); Phillips, 795 F.2d at 1395 n. 4; Swink & Co. v. Hereth, 784 F.2d 866, 867 (8th Cir.1986) (holding intra-industry claims under 1934 Act were subject to arbitration).
 
 MARGIN AGREEMENT
 
 10
 The Nesslages argue the district court erred in finding that York Securities and Samson could enforce the margin agreement and its arbitration provision against them. The Nesslages argue that because York Securities and Samson were not parties to the margin agreement, they did not agree with York Securities and Samson to arbitrate their disputes and thus had no duty to arbitrate. See United Steelworkers v. Warrior & Gulf Navigation Co., 363 U.S. 574, 582, 80 S.Ct. 1347, 1352, 4 L.Ed.2d 1409 (1960). We hold the district court correctly determined that York Securities and Samson could enforce the margin agreement, and the arbitration provision contained therein, against the Nesslages, even though York and Samson were not parties to the margin agreement. York Securities and Samson were third-party beneficiaries of the margin agreement between the Nesslages and Q & R Clearing Corp.; York Securities was the disclosed agent of Q & R Clearing Corp., the clearing broker. See Okcuoglu v. Hess, Grant & Co., 580 F.Supp. 749, 750-52 (E.D.Pa.1984); cf. Cauble v. Mabon Nugent & Co., 594 F.Supp. 985, 990-92 (S.D.N.Y.1984) (holding that trading broker could enforce agreement between its customer and clearing broker). But see Ahn v. Rooney, Pace Inc., 624 F.Supp. 368, 370 (S.D.N.Y.1985) (holding that introducing broker could not enforce agreement between customer and clearing broker).
 
 
 11
 The Nesslages also argue that even if York Securities and Samson can enforce the margin agreement, the margin agreement is invalid as a contract of adhesion. This argument was not raised in the district court and will not be considered for the first time on appeal. We note, however, that "[t]he use of a standard form contract between two parties of admittedly unequal bargaining power does not invalidate an otherwise valid contractual provision. To be invalid, the provision at issue must be unconscionable." Webb, 800 F.2d at 807, citing Surman, 733 F.2d at 61 n. 2. There is nothing in the record on appeal that suggests there was anything unconscionable about the margin agreement or the arbitration provision.
 
 WAIVER AND DELAY
 
 12
 The Nesslages also argue that, even if York Securities and Samson can enforce the margin agreement and the arbitration provision, the district court erred in failing to find that York Securities and Samson had waived their right to enforce the arbitration provision. The Nesslages argue that York Securities and Samson waived their right to arbitration by waiting almost two years before filing their motion to compel arbitration and by actively participating in discovery. We note that, in view of the strong federal policy in favor of arbitration, "any doubts concerning ... waiver, delay, or a like defense to arbitrability" should be resolved in favor of arbitration. Moses H. Cone Memorial Hospital v. Mercury Construction Corp., 460 U.S. 1, 24-25, 103 S.Ct. 927, 941-42, 74 L.Ed.2d 765 (1983). We hold that the district court correctly determined that York Securities and Samson did not waive their right to compel arbitration by delay. Under the circumstances of this case, York Securities' and Samson's motion to compel arbitration was filed soon after the Supreme Court's decision in Dean Witter Reynolds Inc. v. Byrd and thus was not untimely filed. See Phillips, 795 F.2d at 1397 n. 9; Fogarty v. Piper, 781 F.2d 662, 663 (8th Cir.1986).
 
 
 13
 We further hold that York Securities and Samson did not waive their right to compel arbitration by participating in discovery. Because arbitration was asserted as an affirmative defense in the answer, the Nesslages were under a heavy burden to prove waiver and prejudice. See, e.g., Martin Marietta Aluminum, Inc. v. General Electric Co., 586 F.2d 143, 146 (9th Cir.1978); N & D Fashions, Inc. v. DHJ Industries, Inc., 548 F.2d 722, 728 (8th Cir.1976). Parties can conduct discovery with respect to non-arbitrable claims without waiving their right to arbitrate arbitrable claims. See, e.g., Dickinson v. Heinold Securities, Inc., 661 F.2d 638, 642 (7th Cir.1981). Here, discovery was largely limited to the Sec. 10(b)/Rule 10b-5 claims, which, at the time discovery was being conducted by the parties in this case, were not arbitrable.
 
 Sec. 10(b) AND RULE 10b-5 CLAIMS
 
 14
 York Securities and Samson argue the district court erred in denying their motion to compel arbitration of the Nesslages' Sec. 10(b)/Rule 10b-5 claims. As noted earlier, the Supreme Court recently resolved this issue in favor of arbitrability in the Shearson/American Express case. First, the Court rejected the argument that Sec. 29(a) of the 1934 Act, 15 U.S.C. Sec. 78cc(a), which declares void "[a]ny condition, stipulation, or provision binding any person to waive compliance with any provision of [the 1934 Act]," forbids waiver of Sec. 27 of the 1934 Act, 15 U.S.C. Sec. 78aa, which provides in part that "district courts ... shall have exclusive jurisdiction ... of all suits in equity and actions at law brought to enforce any liability or duty created by this title or the rules and regulations thereunder." 55 U.S.L.W. at 4759. The Court distinguished Wilko v. Swan, 346 U.S. 427, 435, 74 S.Ct. 182, 186, 98 L.Ed. 168 (1953), which held that predispute agreements could not be enforced to compel arbitration of a claim arising under Sec. 12(2) of the Securities Act of 1933, 15 U.S.C. Sec. 77l (2) (1982), and instead relied upon Scherk v. Alberto-Culver Co., 417 U.S. 506, 515, 94 S.Ct. 2449, 2455, 41 L.Ed.2d 270 (1974), which held that predispute agreements to compel arbitration of 1934 Act claims could be enforced in an international commercial context. 55 U.S.L.W. at 4759. The Court then held that enforcement of the arbitration agreement did not effect "an impermissible waiver of the substantive protections of the [1934] Act." Id. at 4759-62.
 
 
 15
 Thus, following the Supreme Court's decision in Shearson/American Express, we hold that Sec. 10(b)/Rule 10b-5 claims are arbitrable. Accordingly, in appeal No. 85-2124 we reverse that part of the order of the district court denying arbitration of the Sec. 10(b)/Rule 10b-5 claims and remand the case to the district court with directions to grant the motion to compel arbitration of the Sec. 10(b)/Rule 10b-5 claims.
 
 CIVIL RICO CLAIMS
 
 16
 The Nesslages argue the district court erred in granting the motion to compel arbitration of their civil RICO claim. As noted earlier, the Supreme Court also resolved this issue in favor of arbitrability in the Shearson/American Express case, holding that there is no basis for concluding either that Congress intended to preclude enforcement of agreements to arbitrate civil RICO claims or that Congress intended to make an exception to the Federal Arbitration Act, 9 U.S.C. Sec. 1 et seq., for civil RICO claims. 55 U.S.L.W. at 4762-63, citing Mitsubishi Motors Corp. v. Soler Chrysler-Plymouth, Inc., 473 U.S. 614, 105 S.Ct. 3346, 87 L.Ed.2d 444 (1985) (holding antitrust claims are arbitrable), and Sedima, S.P.R.L. v. Imrex Co., 473 U.S. 479, 105 S.Ct. 3275, 87 L.Ed.2d 346 (1985) (upholding civil RICO provisions).
 
 
 17
 Thus, following the Supreme Court's decision in Shearson/American Express, we hold that civil RICO claims are arbitrable. Accordingly, in appeal No. 85-2235 we affirm that part of the order of the district court granting the motion to compel arbitration of the civil RICO claim.
 
 
 18
 The order of the district court is affirmed in part and reversed in part, and the case is remanded to the district court with directions to grant the motion to compel arbitration of the Sec. 10(b)/Rule 10b-5 claims.