**SIEGEL–ROBERT, INC., Plaintiff,**

v.

**Joseph M. ARMBRUSTER, Defendant.**

No. 86–2569C(6).

United States District Court,
E.D. Missouri, E.D.

Sept. 30, 1987.

---

Jack H. Ross, St. Louis, Mo., for plaintiff.

John R. Gillespie, Fort Lauderdale, Fla., Frederick H. Mayer, Armstrong, Teasdale, Kramer, Vaughan & Schlafly, St. Louis, Mo., for defendant.

## ORDER AND MEMORANDUM

GUNN, District Judge.

This matter is before the Court on the motion of defendant Joseph M. Armbruster to dismiss for lack of personal jurisdiction.

This suit arises out of an alleged oral agreement to rescind a licensing agreement between plaintiff Siegel-Robert, Inc. and defendant Armbruster. Plaintiff is incorporated in Missouri and has its primary place of business in Missouri. Defendant Armbruster, an individual, is a citizen and resident of Florida. Plaintiff's amended complaint alleges as follows: In October of 1985 defendant Armbruster contacted plaintiff by telephone and suggested that plaintiff might wish to manufacture certain products which defendant had developed. In December 1985 two of Siegel-Robert's officers visited plaintiff in Florida to discuss the possibility of such a business arrangement. In March 1986 defendant traveled to Missouri for further discussions of the venture. Plaintiff reimbursed defendant for the travel and lodging expenses associated with this trip. Following further written correspondence between the parties, they entered into a written licensing agreement on June 26, 1986 whereby defendant authorized plaintiff to manufacture and sell interior rear view mirrors for automobiles. Defendant had invented the mirrors and had a patent application pending for them. In accordance with the provisions of the license agreement, plaintiff made a total advance payment to defendant of $75,000 and defendant provided plaintiff with prototypes of the mirrors. Plaintiff did not find the prototypes satisfactory and accordingly, defendant offered by way of a telephone call to plaintiff made on October 3, 1986, to terminate the license agreement and refund the advance payment upon return of the prototypes and certain related documents. Plaintiff accepted the offer to terminate the agreement, subsequently returned the prototypes and documents to defendant and demanded return of the advance. Defendant failed to return the $75,000 advance payment and plaintiff has filed suit to recover that amount.

In considering a motion to dismiss for lack of personal jurisdiction over a non-resident defendant, a federal diversity court is required to engage in a two-step inquiry: first, whether defendant committed one of the acts enumerated in the forum state's long-arm statute; and second, whether defendant had sufficient contacts with the forum state related to the cause of action such that maintenance of the suit does not offend the due process clause of the fourteenth amendment. *The Land-O-Nod Co. v. Bassett Furniture Industries, Inc.*, 708 F.2d 1338 (8th Cir.1983); *Scullin Steel Co. v. Nat'l Ry. Utilization Corp.*, 676 F.2d 309, 312 (8th Cir.1982).

The Missouri long-arm statute extends jurisdiction of the courts of the state over any corporation as to any cause of action arising from, among other acts: (1) the transaction of any business within the state; (2) the making of any contract within the state; and (3) the commission of a tortious act within the state. Mo.Rev.Stat. § 506.500 (1982). This statute is intended to extend jurisdiction over non-resident defendants to the limits allowed under the due process clause of the fourteenth amendment. *State ex rel. Deere & Co. v. Pinnell*, 454 S.W.2d 889, 892 (Mo.1970); *State ex rel. Wichita Falls General Hospital v. Adolf*, 728 S.W.2d 604, 606 (Mo.Ct. App.1987).

The due process clause of the fourteenth amendment requires that a defendant have such "minimum contacts" with the forum that exercise of jurisdiction over it does not offend "traditional notions of fair play and substantial justice." *International Shoe Co. v. State of Washington*, 326 U.S. 310, 319, 66 S.Ct. 154, 159, 90 L.Ed. 95 (1945). The defendant's contacts with the forum must be purposeful and such that it "should reasonably anticipate being haled into court there." *World Wide Volkswagen Corp. v. Woodson*, 444 U.S. 286, 297, 100 S.Ct. 559, 567, 62 L.Ed.2d 490 (1980). "In judging minimum contacts a court properly focuses on the relationship among the defendant, the forum, and the litigation." *Calder v. Jones*, 465 U.S. 783, 788, 104 S.Ct. 1482, 1486, 79 L.Ed.2d 804 (1984).

The Eighth Circuit Court of Appeals has characterized the parties' burdens on a motion to dismiss for lack of personal jurisdiction as follows:

> While the facts adduced in a Rule 12(b)(2) motion to dismiss for lack of personal jurisdiction must be viewed in the light most favorable to the party opposing the motion, there must nonetheless be some evidence upon which a prima facie showing of jurisdiction may be found to exist, thereby casting the burden upon the moving party to demonstrate a lack of personal jurisdiction. Once jurisdiction has been controverted or denied, [the plaintiff has] the burden of proving such facts.

*Scullin Steel Co.*, 676 F.2d at 311.

In support of his motion to dismiss Armbruster asserts by affidavit that he is not licensed to do business in Missouri and maintains no office, agents or employees or agents for service of process in the state. He further asserts that he initiated contact with the plaintiff in order to establish a working relationship with a manufacturer. On two occasions he traveled to Missouri at plaintiff's request to discuss their business venture. Defendant's affidavit controverts plaintiff's allegations in one respect by asserting that plaintiff made a unilateral decision to rescind the licensing agreement and that no communication concerning cancellation of the agreement occurred until defendant received a letter from plaintiff to that effect.

Despite this dispute, the Court concludes that plaintiff has made a prima facie showing of long-arm jurisdiction on the basis of defendant's transaction of business within Missouri. The relevant contacts include the following: defendant's initiation of discussions which gave rise to the license agreement; defendant's visits to Missouri for the purpose of negotiating the contract and discussing its performance; and defendant's entry into a contract for the manufacture of his invention which contemplated performance in Missouri. These acts, which gave rise to the instant dispute, satisfy the transaction-of-business prong of

Missouri's long-arm statute, Mo.Ann.Stat. § 506.500 (Vernon 1982). *See Precision Construction Co. v. Slattery,* 765 F.2d 114, 116 (8th Cir.1985); *State ex rel. Metal Service Center of Georgia, Inc. v. Gaertner,* 677 S.W.2d 325 (Mo.1984) (en banc). In light of this conclusion, the Court finds it unnecessary to decide whether the alleged oral agreement was made in Missouri or whether it satisfies the contract prong of Missouri's long-arm statute.

This Court's exercise of personal jurisdiction over defendant also comports with the requirements of due process. Defendant purposefully availed himself of the benefits of the forum by initiating contact and doing business with a Missouri resident. *See World Wide Volkswagen,* 444 U.S. at 297, 100 S.Ct. at 567. By entering into a contract which contemplated performance in Missouri, he invoked the benefit and protection of Missouri's laws and should reasonably anticipate being haled into court here. *Id.* When a non-resident defendant purposely directs his activities to the forum, and litigation results from alleged injuries that arise out of or relate to those activities, due process permits the assertion of personal jurisdiction over that defendant. *Helicopteros Nacionales de Columbia, S.A. v. Hall,* 466 U.S. 408, 414, 104 S.Ct. 1868, 1872, 80 L.Ed.2d 404 (1984); *Burger King Corp. v. Rudzewicz,* 471 U.S. 462, 105 S.Ct. 2174, 2182, 85 L.Ed.2d 528 (1985); *Dudley v. Dittmer,* 795 F.2d 669, 672 (8th Cir.1986). Accordingly,

IT IS HEREBY ORDERED that defendant's motion to dismiss for lack of personal jurisdiction be and it is denied.