683 F.Supp. 1289 (1988)
Jerome F. SHELDON, et al., Plaintiffs,
v.
S & A Rx, INC., et al., Defendants.
No. 87-846-C (4).
United States District Court, E.D. Missouri, E.D.
April 18, 1988.
Stephen H. Rovak, Matthew D. Menghini, Peper, Martin, Jensen, Maichel & Hetlage, St. Louis, Mo., for plaintiffs.
Julius H. Berg, St. Louis, Mo., for defendants.

MEMORANDUM AND ORDER
CAHILL, District Judge.
This matter comes before the Court on plaintiffs' petition to compel arbitration; defendant Blondheim's motions to quash service and to dismiss the petition for each of personal and subject matter jurisdiction; and defendants' motion to stay proceedings.
Plaintiffs bring this action to compel arbitration of the dispute between the parties. Without specifically answering, the defendant Blondheim filed the instant motions.

*1290 Defendant's Motion to Quash Service.

Defendant contends that the service of summons should be quashed because of the special process server's alleged assault and battery. Plaintiffs, in response, contend that service of summons was properly effectuated on the defendants and therefore the motion to quash service should be denied.
When service is made by personal delivery, "only fraud in enticing the defendant into the jurisdiction, immunity from suit on some policy ground, or some prejudicial error in the papers" are grounds for invalidating the process. See 4a Wright and Miller, Federal Practice and Procedure § 1095, p. 71 (2d ed. 1987). In the case at bar, since none of the aforementioned fraud, immunity or prejudicial error is present, the Court will deny defendant's motion to quash service.

Defendant's Motion to Dismiss for Lack of Personal Jurisdiction.
Defendant contends that he does not have the minimum contacts with Missouri; therefore, to subject him to this Court's jurisdiction would violate the fair play and substantial justice concepts. Plaintiffs contend that the contract between the parties requires arbitration in this district; that the negotiations for the contract occurred in this district; that the contract was made in Missouri; and that the contract envisions a continuing relationship between the parties in St. Louis.
In Missouri, a foreign defendant subjects himself to the long-arm jurisdiction of the state if (1) the action arises out of one of the activities enumerated in the long-arm statute, MO.REV.STAT. § 506.500 (Supp. 1984), and (2) the defendant has sufficient minimum contacts with Missouri to satisfy the requirements of due process. Watlow Electric Manufacturing Company v. Sam Dick Industries, Inc., 734 S.W.2d 295, 297 (Mo.App.1987); State ex rel. Wichita Falls General Hospital v. Adolf, 728 S.W.2d 604, 606 (Mo.App.1987); Medicine Shoppe International, Inc. v. J-Pral Corp., 662 S.W. 2d 263 (Mo.App.1983).
Missouri's long-arm statute, MO.REV. STAT. § 506.500 (Supp.1984), states in part:
1. Any person or firm, whether or not a citizen or resident of this state, or any corporation, who in person or through an agent does any of the acts enumerated in this section, thereby submits such person, firm, or corporation, and, if an individual, his personal representative, to the jurisdiction of the courts of this state as to any cause of action arising from the doing of any of such acts:
(1) The transaction of any business within this state;
(2) The making of any contract within this state;
(3) The commission of a tortious act within this state;
(4) The ownership, use, or possession of any real estate situated in this state;
(5) The contracting to insure any person, property or risk located within this state at the time of contracting;
(6) Engaging in an act of sexual intercourse within this state with the mother of a child on or near the probable period of conception of that child.
2. ...
3. Only causes of action arising from acts enumerated in this section may be asserted against a defendant in an action in which jurisdiction over him is based upon this section.
MO.REV.STAT. § 506.500 (Supp.1984). The Missouri courts have stated that subsection (1), "the transaction of any business within this state," should be construed broadly. State ex rel. Metal Service Center of Georgia, Inc. v. Gaertner, 677 S.W. 2d 325, 327 (Mo. banc 1984).
Plaintiffs contend that the defendant negotiated the contract in Missouri and communicated with Medicine Shoppe International in St. Louis concerning routine business matters generally and accounting information specifically. Defendant avers that he has been to Missouri only twice and this was in 1984 to discuss becoming a franchisee and in 1985 for a training session. He further avers that he is not a *1291 sophisticated businessman and that he signed the franchise agreement without having the benefit of counsel's advice. In addition, he argues that his corporation was not formed until 1986 and the corporation never ratified the license or arbitration clause.
When considering a motion to dismiss, the Court must view the facts in the light most favorable to the plaintiff and assume the allegations contained in the complaint are true. Hughes v. Rowe, 449 U.S. 5, 10, 101 S.Ct. 173, 176, 66 L.Ed.2d 163 (1980); Haggy v. Solem, 547 F.2d 1363, 1364 (8th Cir.1977). In this case, plaintiff has alleged that defendant conducted business with plaintiff in Missouri. Even if this was a single meeting, it is sufficient contact with Missouri to satisfy section (1) of § 506.500, the transaction of any business within this state. Watlow Electric at 298. The motions and memoranda filed only make conclusory allegations concerning when and where the contract in question was made; therefore, the Court has no basis on which to make a finding as to whether § 506.500(2) applies to this dispute.
With regard to the due process prong of the inquiry, the International Shoe Co.[1] and World-Wide Volkswagen[2] due process standard has developed into a consideration of five factors: (1) the nature and quality of the contacts with the forum state; (2) the quantity of the contacts with the forum state; (3) the relation of the cause of action to the contacts; (4) the interest of the forum state in providing a forum for its residents; and (5) the convenience of the parties. The Land-O-Nod Company v. Bassett Furniture Industries, Inc., 708 F.2d 1338 (8th Cir.1983); Nollman v. Armstrong World Industries, 603 F.Supp. 1168 (E.D.Mo.1985); Medicine Shoppe International, Inc. at 272. The first three enumerated factors are the most important; while the last two are of secondary importance and as such are not determinative. Land-O-Nod at 1340. The test is whether the defendant purposefully established minimum contacts with Missouri so that the exercise of personal jurisdiction would comport with fair play and substantial justice. Watlow Electric Manufacturing Co. v. Patch Rubber Company, 838 F.2d 999, 1002 (8th Cir.1988), citing with approval, Burger King Corp. v. Rudzewicz, 471 U.S. 462, 105 S.Ct. 2174, 85 L.Ed.2d 528 (1985).
In this case, the parties negotiated the agreement in Missouri. The defendant's affidavit in support of his motion, he states that plaintiff invited him to become a franchisee and this has not been disputed by plaintiff. The filings do not show where defendant's payments and franchise fees were sent but plaintiff implies in the memorandum opposing the motions to dismiss that they were sent to Missouri. Plaintiff also states that defendant corresponded with Medicine Shoppe personnel in Missouri. In addition, defendant came to Missouri for training. This Court, therefore, finds that defendant's contacts with this state were purposeful and the nature, quality and quantity of his contacts are sufficient for Missouri to exercise personal jurisdiction over defendant so that its exercise would comport with `fair play and substantial justice.' Consequently, for the above reasons, this Court will deny defendant's motion to dismiss for lack of personal jurisdiction.

Defendant's Motion to Dismiss for Lack of Subject Matter Jurisdiction.
Defendant argues that there is no subject matter jurisdiction because complete diversity does not exist between the parties in the Maryland state action. Plaintiffs argue that there is diversity of citizenship between the parties before the Court. This Court finds the defendant's position without merit since this is a petition to compel arbitration pursuant to 9 U.S.C. § 3 et seq.

Plaintiff's Petition to Compel Arbitration.
Plaintiffs, who are the Medicine Shoppe International, Inc. (MSI), and officers *1292 and employees of the corporation, bring this action to compel arbitration of a dispute between plaintiffs and defendant Blondheim, the licensee of MSI and the sole shareholder of S & A Rx, Inc. Plaintiffs seek an order from this Court requiring that the defendant arbitrate the claims in the Maryland case; staying further action in the Maryland proceeding pending arbitration and seeking costs for this action. Plaintiffs base their argument for arbitration on Section XII of the agreement between the parties which states in its pertinent part:
Any controversy or claim arising out of or relating to this Agreement, or its interpretation or enforcement, shall be submitted to arbitration in the City or County of St. Louis, Missouri, in accordance with the rules then obtaining of the American Arbitration Association.
and Section XV of the agreement which states:
This License Agreement shall be deemed for all purposes to have been made in the State of Missouri and shall be governed by and construed under and in accordance with the laws of the State of Missouri.
As stated earlier, defendant contests the validity of this contract because he alleges that he signed it without the benefit of counsel, and also, because of the enormous costs of arbitration, he would be deprived of his `day in court.'
The Federal Arbitration Act (FAA) establishes a federal policy favoring arbitration. Shearson/American Express, Inc. v. McMahon, ___ U.S. ___, 107 S.Ct. 2332, 2337, 96 L.Ed.2d 185 (1987); Moses H. Cone Memorial Hospital v. Mercury Construction Corp., 460 U.S. 1, 24, 103 S.Ct. 927, 941, 74 L.Ed.2d 765 (1983). Furthermore, the district courts must compel arbitration of arbitrable claims, even if arbitration could result in the maintenance of separate proceedings in different forums. Nesslage v. York Securities, Inc., 823 F.2d 231, 233 (8th Cir.1987). Consequently, this Court will order defendant Blondheim to arbitrate those claims which have been brought in the Maryland action which arise out of the contract between the parties and are therefore arbitrable.

Defendants' Motion to Stay Proceedings.
Defendants have requested that these proceedings be stayed pending disposition of a criminal investigation and proceedings which defendants allege are related to this case. Plaintiffs oppose a stay contending that exceptional circumstances do not exist for the granting of such action.
While the Court recognizes that a criminal investigation and/or possible criminal proceedings may be relevant to this case, the Court finds that they are not so pertinent to this action as to warrant a stay of these proceedings. Therefore, the Court will deny the motion to stay these proceedings. Accordingly,
IT IS HEREBY ORDERED that defendant's motion to quash service of process is DENIED;
IT IS FURTHER ORDERED that defendant's motions to dismiss for lack of personal and subject matter jurisdiction are DENIED;
IT IS FURTHER ORDERED that defendants arbitrate those claims brought in Maryland state court which arise out of the contract between the parties. The plaintiffs' motion to compel is therefore GRANTED as to those claims which arise out of the contract between the parties and DENIED as to those claims which do not arise out of the contract between the parties; and
IT IS FURTHER ORDERED that defendants' motion to stay proceedings is DENIED.
NOTES
[1] International Shoe Co. v. Washington, 326 U.S. 310, 66 S.Ct. 154, 90 L.Ed. 95 (1945).
[2] World-Wide Volkswagen Corp. v. Woodson, 444 U.S. 286, 100 S.Ct. 559, 62 L.Ed.2d 490 (1980).