731 F.Supp. 1431 (1990)
Stephen E. ABBEY, Plaintiff,
v.
John T. HENZEL, et al., Defendants.
No. 89-1255-C-5.
United States District Court, E.D. Missouri, E.D.
February 26, 1990.
*1432 *1433 Thomas M. Dee and Matthew D. Menghini, Husch, Eppenberger, Donohue, Cornfeld & Jenkins, St. Louis, Mo., for plaintiff.
Robert J. Selsor, Suelthaus & Kaplan, St. Louis, Mo., for defendants.

MEMORANDUM
LIMBAUGH, District Judge.
Plaintiff filed a ten-count complaint against defendants alleging, inter alia, violations of federal securities laws, state securities laws, and state tort laws. This cause is before the Court on three motions. First, defendants seek for the Court to dismiss plaintiff's complaint for lack of personal jurisdiction. Second, defendants seek for the Court to dismiss plaintiff's complaint for improper venue. Third, defendants seek for the Court to order arbitration and stay the action pending the conclusion of arbitration.
Plaintiff alleges that defendant Howard Hoffman ("Hoffman"), defendant John Henzel ("Henzel"), and defendant Patricia Sanford ("Sanford") made misrepresentations to him about the financial condition of Hesa, Inc. ("Hesa") prior to plaintiff's purchasing 486 shares of common stock in Hesa for $100,000.00. Hesa is a closely held corporation which supplies computer equipment to elementary and secondary schools, parents, and other educational organizations. Hoffman is the chief financial officer and vice president of Hesa. Hoffman, Henzel and Sanford are shareholders in Hesa. Prior to plaintiff's purchase of Hesa stock, Hoffman, Henzel and Sanford owned 100% of Hesa's stock. Plaintiff is a citizen and resident of the State of Missouri. Hoffman is a citizen and resident of the State of New York. Sanford and Henzel are residents and citizens of the State of California.
In February, 1988 Hoffman contacted plaintiff by telephone and informed plaintiff that Hesa was looking for additional investors to raise capital to expand Hesa's operations. During this telephone call plaintiff disclosed to Hoffman that he was interested in exploring investment and employment opportunities with Hesa. In March, 1988 plaintiff travelled to Hesa's corporate headquarters in California to discuss a stock purchase in Hesa. In April, 1988 plaintiff travelled to New York for further discussions relating to plaintiff's involvement in the company both as a potential shareholder and employee. During the period from February, 1988 to May, 1988 plaintiff in Missouri and defendants in California and New York exchanged correspondence by mail, telephone calls and faxed messages.
The terms of the stock sale agreement were negotiated during plaintiff's visits to California and New York and during a period of several weeks by telephone, fax machine, and the mail between plaintiff in Missouri and defendants in California and New York. The stock sale agreement was reduced to its final written form in the State of California and transmitted to plaintiff in Missouri for his signature. Hoffman, Henzel, and Sanford signed the stock sale agreement before it was forwarded to plaintiff. On May 9, 1988 Henzel travelled to St. Louis, Missouri. During Henzel's stay in Missouri plaintiff signed the stock sale agreement in Henzel's presence. Plaintiff then gave Henzel the signed copy of the stock sale agreement and the funds which represented payment for plaintiff's newly acquired shares of Hesa stock. After the stock sale agreement was consummated, plaintiff and Henzel spent parts of the next two days of Henzel's visit to Missouri performing various marketing and promotion activities on behalf of Hesa.

Personal Jurisdiction
Defendants seek for the Court to dismiss plaintiff's complaint for lack of personal jurisdiction. The question of whether personal jurisdiction is proper over defendants consists of two parts: first, did defendants transact any business in Missouri so as to authorize service of process under the Missouri long arm statute; and second, did defendants have minimum contacts in Missouri to satisfy the requirements of due process. Watlow Elec. Mfg. Co. v. Patch Rubber Co., 838 F.2d 999, 1001 (8th Cir.1988); Sanders v. United *1434 States, 760 F.2d 869, 871 (8th Cir.1985); Scullin Steel v. National Ry. Utilization Corp., 676 F.2d 309 (8th Cir.1982); Siegel-Robert, Inc. v. Armbruster, 670 F.Supp. 274, 275 (E.D.Mo.1987).

1. Missouri Long Arm Statute

It is clear that personal jurisdiction over defendants is authorized under Missouri's long arm statute. Mo.Rev.Stat. § 506.500 provides, in part:
1. Any person or firm, whether or not a citizen or resident of this state, or any corporation, who in person or through an agent does any of the acts enumerated in this section, thereby submits such person, firm, or corporation, and if an individual, his personal representative, to the jurisdiction of the courts of this state as to any cause of action arising from the doing of any of such acts:
(2) the making of a contract within this state;
3. Only causes of action arising from the acts enumerated in this section may be asserted against a defendant in an action in which jurisdiction over him is based upon this section.
In Osage Homestead, Inc. v. Sutphin, 657 S.W.2d 346 (Mo.App.1983), the court, interpreting Mo.Rev.Stat. § 506.500.1(2), held "[t]he place where the final act occurs which makes a binding contract is the place of contract." 657 S.W.2d at 352 (citing Shady Valley Park & Pool, Inc. v. Dimmic, 576 S.W.2d 579, 580 (Mo.App.1979)). In the instant matter the final act which made a binding contract occurred in Missouri when plaintiff signed the stock sale agreement and paid Henzel $100,000 as consideration for 486 shares of common stock in Hesa. Therefore, personal jurisdiction over defendants is proper under Mo.Rev. Stat. § 506.500.1(2).

2. Due Process

The due process clause of the fourteenth amendment requires that a defendant have such "minimum contacts" with the forum that exercise of jurisdiction over it does not offend "traditional notions of fair play and substantial justice." Siegel-Robert, Inc. v. Armbruster, supra, 670 F.Supp. at 275 (quoting International Shoe Co. v. State of Washington, 326 U.S. 310, 319, 66 S.Ct. 154, 159, 90 L.Ed. 95 (1945)). The defendants' contacts with the forum must be purposeful and such that it "should reasonably anticipate being haled into court there." Siegel-Robert, Inc. v. Armbruster, supra, 670 F.Supp. at 275 (quoting World Wide Volkswagen Corp. v. Woodson, 444 U.S. 286, 297, 100 S.Ct. 559, 567, 62 L.Ed.2d 490 (1980)). "In judging minimum contacts a court properly focuses on the relationship between the defendant, the forum, and the litigation." Calder v. Jones, 465 U.S. 783, 788, 104 S.Ct. 1482, 1486, 79 L.Ed.2d 804 (1984).
The International Shoe Co., supra, and World Wide Volkswagen, supra, due process standard has developed into a consideration of five factors: (1) the nature and quality of the contacts with the forum state; (2) the quantity of contacts with the forum state; (3) the relation of the cause of action to the contacts; (4) the interest of the forum state in providing a forum for its residents; and (5) the convenience of the parties. Sheldon v. S & A RX, Inc., 683 F.Supp. 1289, 1291 (E.D.Mo.1988) (citing The Land-O-Nod Company v. Bassett Furniture Industries, Inc, 708 F.2d 1338 (8th Cir.1983); Nollman v. Armstrong World Industries, 603 F.Supp. 1168 (E.D. Mo.1985)). The first three enumerated factors are the most important; the last two factors are of secondary importance and as such are not determinative. Sheldon, 683 F.Supp. at 1291 (citing The Land-O-Nod Company, 708 F.2d at 1340).
Hoffman is a resident and citizen of the State of New York who has not been present in the State of Missouri for the past fifteen years. Sanford and Henzel are residents and citizens of the State of California. Sanford has not been present in the State of Missouri regarding this dispute. As was discussed, supra, Henzel travelled to Missouri once in connection with the stock sale agreement which is the source of this lawsuit.
*1435 The Court believes that the nature, quality, and quantity of defendants' contacts with Missouri are sufficient for this Court to exercise personal jurisdiction over defendants under the due process clause. The Court bases its conclusion primarily on the close connection between defendants' contacts with Missouri and the source of this litigation. It appears that all of defendants' contacts with Missouri, including those by phone, mail, fax, and the personal visit of Henzel, concerned the negotiation and execution of the agreement which is the source of this lawsuit. The quantity of defendants' contacts with Missouri, consisting primarily of numerous telephone calls, mail, and faxed messages also weighs in plaintiff's favor.
Defendant has cited numerous cases which hold that telephone calls and written correspondence to the forum state are insufficient to satisfy the minimum contacts requirement of due process. Institutional Food Marketing Associates, Ltd. v. Golden State Strawberries, 747 F.2d 448 (8th Cir.1984); T.J. Raney & Sons, Inc. v. Security Savings & Loan Association of Salina, 749 F.2d 523, 525 (8th Cir.1984). Defendants' contacts with Missouri, however, were not limited to telephone, mail, and fax contacts between plaintiff and defendants. Henzel travelled to Missouri to meet with plaintiff concerning the stock sale agreement. During Henzel's visit plaintiff signed the stock sale agreement and paid consideration for the shares of stock. It is likely that neither the long distance communications between plaintiff and defendants nor Henzel's single visit would satisfy the requirements of due process alone. After collectively considering the quality, quantity, and nature of all defendants' contacts with Missouri, however, the Court concludes that the exercise of personal jurisdiction over defendants in Missouri does not violate traditional notions of fair play and substantial justice.
For the foregoing reasons, defendants' motion to dismiss plaintiff's complaint for lack of personal jurisdiction is denied.

Venue
Defendants seek for the Court to dismiss plaintiff's complaint for improper venue. Plaintiff's claims against defendants arise under § 10(b) of the Securities Exchange Act of 1934, 15 U.S.C. § 78j(b), § 12(2) of the Securities Act of 1933, 15 U.S.C. § 77l, the laws of the State of Missouri, and the laws of the State of California. Title 28 U.S.C. § 1391(b) provides: "A civil action wherein jurisdiction is not founded solely on diversity jurisdiction may be brought only in the judicial district where all defendants reside, or in which the claim arose, except as otherwise provided by law." (Emphasis added.)
Section 27 of the Securities Exchange Act of 1934, 15 U.S.C. § 78aa, contains a venue provision that governs plaintiff's 10(b) claims. Section 27 provides venue "in the district wherein the defendant is found or is an inhabitant or transacts business. ..."[1] Courts have liberally interpreted the term "transacts business" in Section 27 to constitute any transaction of business within the district. In Stewart v. Fry, 575 F.Supp. 753, 755 (E.D.Mo.1983), the court stated: "Venue is proper as to all defendants if one act in furtherance of the alleged unlawful scheme is done in the forum district." (emphasis in original) (Citations omitted.) See also, Steinberg & Lyman v. Takacs, 690 F.Supp. 263 (S.D.N. Y.1988) (Any non-trivial act in the forum district which helps to accomplish a securities law violation, including a phone call made by defendant, is sufficient to establish venue); Wilson v. Lamb, 632 F.Supp. 1442, 1446-47 (W.D.Ark.1986) (Mailing important documents to forum to be executed by plaintiffs is sufficient to establish venue). In the instant matter there are sufficient transactions of business with the forum to establish venue. First, defendants telephoned plaintiff in Missouri, and sent mail and faxed messages to Missouri which discussed and negotiated terms of the *1436 stock sale agreement which is the source of this litigation. Also, the stock sale agreement was executed in Missouri.
Section 22 of the Securities Act of 1933, 15 U.S.C. § 77v, has a venue provision that governs plaintiff's 12(2) claims. Section 22 provides venue either "in the district wherein the defendant is found or is an inhabitant or transacts business, or in the district where the offer or sale took place, if the defendant participated therein. ..." In addition to the cases above which give a very liberal interpretation to the term "transacts business," venue under Section 22 may be based on the fact that the sale of the stock took place in Missouri in the presence of Henzel.
Plaintiff's claims based on Missouri state law and California state law arise out of a common nucleus of operative facts which constitute the claims for violations of federal law. There is pendent venue over plaintiff's state law claims for the same reasons that there is pendent subject matter jurisdiction over these claims. Travis v. Anthes Imperial Limited, 473 F.2d 515, 529 (8th Cir.1973).
For the foregoing reasons, defendants' motion to dismiss plaintiff's complaint for improper venue is denied.

Stay of Proceedings Pending Arbitration
Defendants seek for the Court to order arbitration of the dispute between plaintiff and defendants and stay this proceeding pending the conclusion of the arbitration. Paragraph 16 of the stock sales agreement executed by the parties provides:
16. Any controversy or claim arising out of or relating to this agreement or the breach thereof, including any claim or controversy and any claim for rescission, shall be settled by arbitration in Los Angeles County, California in accordance with the commercial arbitration rules and under the auspices of the American Arbitration Association, and judgment upon the award rendered by the arbitrators may be entered in any court having jurisdiction thereof, provided, however, that either party may pursue the remedy of specific performance of any terms contained in this agreement, or seek to obtain a preliminary or permanent injunction against the breach of any such terms or in aid of the exercise of any power granted in this agreement, or any combination thereof, in any court having jurisdiction thereof without resort to arbitration. The results of such arbitration shall be binding upon both parties, and the cost of such arbitration shall be borne equally by both parties.
It is clear that the subject matter of this lawsuit is an arbitrable dispute pursuant to Paragraph 16 of the stock sale agreement. Nesslage v. York Securities, Inc., 823 F.2d 231, 235 (8th Cir.1987). In fact, this matter was originally in arbitration as required by Paragraph 16. Prior to plaintiff's filing this lawsuit, however, plaintiff dismissed the arbitration as to Hoffman, Henzel, and Sanford. The arbitration is still pending against Hesa.
Plaintiff offers two reasons why the Court should not order arbitration of this action. First, plaintiff asserts that defendants, who are being sued in their individual capacities, cannot avail themselves of the arbitration clause in the stock sale agreement which was allegedly between plaintiff and Hesa. This argument is without merit. Each defendant signed the agreement in his personal capacity as shareholder in Hesa. In fact, Hoffman signed the agreement twice  once as an officer of Hesa and again as a shareholder. Even if defendants had not signed the stock sale agreement as shareholders in Hesa, they could still enforce the arbitration provision as third-party beneficiaries of the agreement. Nesslage v. York Securities, supra, 823 F.2d at 233.
Second, plaintiff asserts that when defendants were parties to the arbitration they did not respond to plaintiff's demand for arbitration and untimely submitted their strikes of prospective arbitrators. Plaintiff fears that defendants were attempting to delay the arbitration and then declare they were not bound by the arbitration provision. Regardless of any past difficulties, *1437 defendants now appear willing to respond to any forthcoming demand for arbitration from plaintiff.
For the foregoing reasons, the Court will order arbitration pursuant to Paragraph 16 of the stock sale agreement and stay this proceeding pending the conclusion of the arbitration.

ORDER
In accordance with the memorandum filed herein this day,
IT IS HEREBY ORDERED that defendants' motion to dismiss plaintiff's complaint for lack of personal jurisdiction is DENIED.
IT IS FURTHER ORDERED that defendants' motion to dismiss plaintiff's complaint for improper venue is DENIED.
IT IS FINALLY ORDERED that defendants' motion to order arbitration and stay the proceedings pending the conclusion of the arbitration is GRANTED.
NOTES
[1] For criminal proceedings Section 27 provides venue "in the district wherein any act or transaction constituting the violation occurred."