**Arthur SHAPIRO and Yetta Shapiro, Plaintiffs,**

v.

**Earl JASLOW, a/k/a Daniel Jaslow, Stacey Jaslow and Newburger, Loeb & Co., Defendants.**

**No. 70 Civ. 426.**

United States District Court, S. D. New York.

Dec. 4, 1970.

Max S. Kaufman, New York City, for defendant Jaslow.

Osmond K. Fraenkel, New York City, for defendant Newburger, Loeb & Co.

MANSFIELD, District Judge.

Defendant Jaslow has cross-moved against defendant Newburger, Loeb & Co. for an order staying any further proceedings by the latter before the American Arbitration Association against Jaslow. The motion is granted.

Originally plaintiff served its complaint on the defendants. It contained three causes of action, of which only the last one involved Newburger, Loeb, and alleged generally that Newburger, Loeb failed to act "in accordance with the laws of the United States of America and the rules of the New York Stock Exchange." Newburger, Loeb answered that plaintiffs had agreed to arbitrate all controversies, and on March 2, 1970, moved to stay the action on the ground that the complaint alleged only wrongs at common law and hence should be subject to the arbitration process. Simultaneously Newburger, Loeb caused a demand for arbitration to be served on plaintiffs and on defendant Jaslow of its claim for a deficit in an account known as Jaslow Investment Company, a partnership. Plaintiffs cross-moved to stay that arbitration. Jaslow asked for an extension of time to answer.

Judge Bryan on September 30, 1970, denied Newburger, Loeb's motion to compel arbitration on the ground that plaintiffs relied on the Federal Securities Laws and the Investment Company Act of 1940. Agreements to arbitrate claims under the Federal Securities Laws are not enforceable. Wilko v. Swan, 346 U.S. 427, 74 S.Ct. 182, 98 L.Ed. 168 (1953); Reader v. Hirsch & Co., 197 F. Supp. 111 (S.D.N.Y.1961); see also, Colonial Realty Corp. v. Bache & Co., 358 F.2d 178, 183 n. 5 (2d Cir.), cert. denied, 385 U.S. 817, 87 S.Ct. 40, 17 L.Ed.2d 56 (1966).

When Newburger, Loeb & Co. moved for leave to file an amended answer asserting counterclaims against plaintiff Arthur Shapiro, it stated that they were not including a cross-claim against defendant Jaslow because they believed that the arbitration should proceed with respect to him. Jaslow has also asserted a cross-claim against Newburger, Loeb.

Newburger, Loeb argues that while Jaslow's claims under the securities laws cannot be arbitrated, its common law cross-claims should be subject to arbitration. Jaslow's cross-claim alleges:

"Between November, 1968 and April and May of 1969, defendant NEW-

BURGER, LOEB & CO. * * * failed to follow the just and equitable principles of trade and business imposed upon each of them either by the Securities Act, the Exchange Act, the SEC, the NYSE, the NASD, *or the common law* in that: * * *."
(Compl. ¶ 11; emphasis added)

Although we may have the power to stay arbitration with respect to the claims under the Securities Acts and leave the common law claims to the arbitration process, cf. Younker Bros., Inc. v. Standard Construction Co., 241 F. Supp. 17, 19 (S.D.Iowa 1965), under the circumstances here such procedure is impractical, if not impossible, since we cannot separate out the common law from the federal law issues. Newburger, Loeb cannot render meaningless our exclusive jurisdiction over the Federal Securities Act claim by compelling arbitration of an ancillary pendent dispute. The arbitrator could hardly be expected to decide which issues are common law and which federal securities issues: that is a question for the court.

The motion is granted.

It is so ordered.