■ MICHAEL LAURENCE et al., Appellants, v ALVIN R. CORWIN et al., Respondents.—In an action against a securities brokerage house and its registered representative to recover damages arising out of defendants' alleged fraudulent representations and negligence, plaintiffs appeal from an order of the Supreme Court, Nassau County, entered May 4, 1979, which granted defendants' motion pursuant to CPLR 7503 (subd [a]) to compel arbitration and stayed the action pending such arbitration. Order reversed, on the law, with $50 costs and disbursements, defendants' motion is denied and plaintiffs are granted leave to serve an amended complaint within 20 days after service upon them of a copy of the order to be made hereon, together with notice of entry thereof. A customer's claims against a broker are not subject to compulsory arbitration, notwithstanding an arbitration clause in the agreement between the customer and the broker, where the customer's claims arise under the Securities Act of 1933 *(Wilko v Swan,* 346 US 427). The complaint herein presents such claims. For the purpose of this motion to compel arbitration, it is not important that the Securities Act was not expressly pleaded, "for judicial notice of the Acts of Congress must be taken by state courts" *(Dowski v Merritt-Chapman & Scott Corp.,* 65 NYS2d 890, 891, affd 271 App Div 874; cf. *Niagara Falls Power Co. v White,* 292 NY 472, 479-480). Nor is it important that the complaint did not allege the interstate commerce element necessary to bring the action under the Securities Act, for leave to amend the complaint to allege this element can be granted (see *New York Cent. R. R. v Kinney,* 260 US 340; *Dowski v*

*Merritt-Chapman & Scott Corp., supra).* Finally, since the same acts are involved whether the claims be under the common law or the Securities Act, the motion to compel arbitration must be denied even as regards the common law claims (see *Sibley v Tandy Corp.,* 543 F2d 540, 543, cert den 434 US 824; *Shapiro v Jaslow,* 320 F Supp 598). Rabin, J. P., Gulotta, Cohalan and Margett, JJ., concur.