Daniel M. LANE and Carolyn S. Lane, Plaintiffs,

v.

DEAN WITTER REYNOLDS, INC., Defendant and Third-Party Plaintiff,

v.

Don Edward FOWLER, Third-Party Defendant.

No. CIV–80–654–D.

United States District Court, W. D. Oklahoma.

Oct. 14, 1980.

Ray G. Moss and Bruce R. Rooker, Oklahoma City, Okl., for plaintiffs.

Philip L. Savage, Kenneth N. McKinney and Ronald L. Walker, Oklahoma City, Okl., for defendant and third-party plaintiff Dean Witter Reynolds, Inc.

Roy J. Davis and Sally E. Scott, Oklahoma City, Okl., for third-party defendant Don Edward Fowler.

## ORDER

DAUGHERTY, Chief Judge.

Plaintiffs bring this action to recover actual damages for Defendant's alleged common law breach of fiduciary duty and violation of the provisions of § 10(b) of the Securities Exchange Act of 1934 (Act), 15 U.S.C. § 78j(b), and Rule 10b–5 of the Securities and Exchange Commission, 17 C.F.R. § 240, 10(b)(5). Plaintiffs are also seeking punitive damages from Defendant, alleging the Defendant's acts were willful and wanton. It is asserted that this Court has subject matter jurisdiction by reason of a substantial federal question and amount in controversy pursuant to 28 U.S.C. § 1331, and diversity of citizenship and amount in controversy pursuant to 28 U.S.C. § 1332.

Defendant has filed herein a "Motion to Sever and for a Stay" pending arbitration with supporting Brief. In response to Defendant's Motion, Plaintiffs have filed a "Motion to Stay Arbitration" supported by a Brief.

In support of its Motion, Defendant contends that under the "Options Trading Agreement" between the parties, the parties have agreed that any controversy between them shall be settled by arbitration and that Defendant has made a written demand upon Plaintiffs requesting election of the forum for arbitration pursuant to said agreement. Furthermore, Defendant maintains that such arbitration agreements are "valid, irrevocable and enforceable" by virtue of 9 U.S.C. § 2. Therefore, Defendant asks the Court to sever Counts I and III of Plaintiffs' Amended Complaint and stay further proceedings pending return of the decision of the arbitrators.

In response to Defendant's Motion and in support of their Motion, Plaintiffs contend that their claims based on § 10(b) of the Act, *supra*, and Rule 10b–5, are not arbitrable under the doctrine set out in *Wilko v. Swan*, 346 U.S. 427, 74 S.Ct. 182, 98 L.Ed. 168 (1953), and that it is impracticable to separate said claims from Plaintiffs' claims based on common-law breach of fiduciary duty. In this connection, Plaintiffs assert at page 8 of their Brief that:

1. Both Counts I and II arose out of the same transactions forming the basis of the plaintiffs' claim under Section 10b and Rule 10b–5;

2. All three counts involve the same actions taken by the defendant and statements made by Dean Witter, its agents and employees, regarding the series of transactions involving the plaintiffs' purchase of the RVO Options as outlined above;

3. The plaintiffs' evidence which will be introduced at trial in order to prove the allegations enumerated in Count II will also establish the plaintiffs' right to recover under Counts I and III; and

4. The ultimate determination by this Court of the issues involved in Count II will determine all of the factual issues involved in Counts I and III.

5. In order to litigate the security law claim it is necessary to determine what occurred in the transactions between the parties, which give rise to Dean Witter's liability under Counts I and III, in order to understand the reasons for action taken or not, as the case may be. It is impossible to separate the reasons from the transactions. The determination of what occurred in these transactions presents but one question for the jury. Therefore, Plaintiffs maintain that Defendant's demand for arbitration should be denied or should be stayed pending determination of Plaintiffs' federal securities law claims.

■■■■■ Arbitration provisions in an investment contract dealing with option transactions are void with respect to a cause of action arising under § 10(b) of the Act. *Merrill Lynch, Pierce, Fenner & Smith v. Moore*, 590 F.2d 823 (Tenth Cir. 1978); *see also Wilko v. Swan, supra.* When it is impracticable if not impossible to separate out non-arbitrable federal securities law issues from claims which are arbitrable a court should deny arbitration in order to preserve the exclusive jurisdiction of the federal courts over federal securities law claims. *Sibley v. Tandy Corporation,* 543 F.2d 540 (Fifth Cir. 1976), *cert. denied,* 434 U.S. 824, 98 S.Ct. 71, 54 L.Ed.2d 82 (1977); *Shapiro v. Jaslow,* 320 F.Supp. 598 (S.D.N.Y.1970). A party cannot render meaningless the federal courts' exclusive jurisdiction over federal securities act claims by compelling arbitration of ancillary pendent disputes. *Shapiro v. Jaslow, supra.* Such ancillary claims, however, must be intertwined with the federal securities law claim in order for a court to deny arbitration. *Sibley v. Tandy Corporation, supra.*

■■■■ In the instant case, Plaintiffs' common law and federal securities law claims are inseparably intertwined and involve the same transactions. All three counts are based on the same alleged statements and misrepresentations by Defendant. The evidence required to establish Plaintiffs' right to recovery will be the same as to all three counts. Finally, the outcome of Plaintiffs' securities law claims will have a direct effect upon, and may be dispositive of, Plaintiffs' remaining claims.

In view of the foregoing, it appears that it is impracticable to separate Plaintiffs' claims under § 10(b) of the Act and Rule 10b–5 from their claims under Count I and III of their Amended Complaint. Therefore, Defendant's "Motion to Sever and Stay" pending arbitration should be overruled. It is therefore unnecessary to reach Plaintiffs' "Motion to Stay Arbitration" and said Motion should also be overruled.

IT IS SO ORDERED.