Norman E. PETERSON,
Plaintiff–Appellee,

v.

SHEARSON/AMERICAN EXPRESS,
INC., Defendant–Appellant.

No. 85–2158.

United States Court of Appeals,
Tenth Circuit.

June 9, 1988.

Stuart N. Bennett, Roath & Brega, P.C., Denver, Colo., for plaintiff-appellee.

Douglas J. Gilbert (Stephen M. Duncan and Thomas D. Birge, with him, on the brief), Hopper, Kanouff, Smith, Peryam, Terry and Duncan, Denver, Colo., for defendant-appellant.

Before McKAY and BALDOCK, Circuit Judges, and SAFFELS, District Judge.[*]

BALDOCK, Circuit Judge.

Plaintiff-appellee Norman C. Peterson (Peterson) commenced this action in April 1983. His complaint alleged that a broker employed by defendant-appellant Shearson/American Express, Inc. (Shearson) was responsible for losses incurred by Peterson arising from trading in stock options. The complaint stated six claims for relief: one federal claim based on § 10(b) of the Securities Exchange Act of 1934 (1934 Exchange Act), 15 U.S.C. § 78j(b), and Rule 10b-5, 17 C.F.R. § 240.10b-5, and five pendent state law claims. Shearson successfully moved for a more definite statement, but did not move to dismiss on the grounds that all or part of the claims were arbitrable. Shearson then filed a timely answer to the amended complaint, but neglected to assert arbitration as a defense.

Trial was originally set for March 1985, but was rescheduled for August 1985. In July 1985, Shearson filed a motion to compel arbitration and to stay the proceedings pending arbitration of four of the state law claims. The trial court denied the motion. Shearson appeals pursuant to 28 U.S.C. § 1292(a), which has been interpreted to allow an interlocutory appeal from the grant or denial of a motion to compel arbitration. *Miller v. Drexel, Burnham, Lambert, Inc.*, 791 F.2d 850, 852-53 (11th Cir. 1986).

Peterson claims that Shearson has waived any right to arbitrate the state law claims and that the federal claim is not arbitrable. Shearson claims that it has the right to arbitrate all claims and that it has not waived its right to compel arbitration. Shearson argues that it could not have sought arbitration of the state law claims prior to *Dean Witter Reynolds Inc. v. Byrd*, 470 U.S. 213, 105 S.Ct. 1238, 84 L.Ed.2d 158 (1985), which was decided on the original trial date, and that it could not have sought arbitration of the federal claim until *Shearson/American Express Inc. v. McMahon*, — U.S. —, 107 S.Ct. 2332, 96 L.Ed.2d 185 (1987), which was decided during the pendency of this appeal.

■ The contract between Peterson and Shearson included the following arbitration clause:

> Unless unenforceable due to federal or state law, any controversy arising out of or relating to my accounts, to transactions with you for me or to this agreement or the breach thereof, shall be settled by arbitration....

Rec. vol. I at 240. There is a strong federal policy favoring arbitration for dispute resolution. *Perry v. Thomas*, — U.S. —, 107 S.Ct. 2520, 2525, 96 L.Ed.2d 426 (1987); *Rush v. Oppenheimer & Co.*, 779 F.2d 885, 887 (2d Cir.1985). When a contract mandates arbitration, courts generally will enforce the arbitration clause absent

[*] The Honorable Dale E. Saffels, United States District Judge for the District of Kansas, sitting by designation.

a waiver. *See Nesslage v. York Securities, Inc.*, 823 F.2d 231, 234 (8th Cir.1987) (citing *Moses H. Cone Memorial Hosp. v. Mercury Constr. Co.*, 460 U.S. 1, 24–25, 103 S.Ct. 927, 941, 74 L.Ed.2d 765 (1983)). A party asserting a waiver of arbitration has a heavy burden of proof. *Belke v. Merrill Lynch, Pierce, Fenner & Smith*, 693 F.2d 1023, 1025 (11th Cir.1982).

Shearson contends that although it did not suggest arbitration of the Rule 10b–5 claim either by motion or in its amended answer, it did not waive arbitration of the federal claim. We agree. Before the Supreme Court's decision in *McMahon*, Rule 10b–5 claims under the 1934 Exchange Act were not considered arbitrable. *See, e.g., Merrill Lynch, Pierce, Fenner & Smith Inc. v. Moore*, 590 F.2d 823, 827 (10th Cir. 1978). The courts of appeals had relied on *Wilko v. Swann*, 346 U.S. 427, 74 S.Ct. 182, 98 L.Ed. 168 (1953), which involved an action under § 12(2) of the Securities Act of 1933 (1933 Securities Act). *See McMahon*, 107 S.Ct. at 2348–49 (Blackmun, J., concurring in part and dissenting in part). In *Wilko*, the Court determined that an agreement to arbitrate was void under § 14 of the 1933 Securities Act. *Wilko*, 346 U.S. at 434–35, 74 S.Ct. at 186. In *McMahon*, the Supreme Court essentially overruled *Wilko*. *See Rodriguez de Quijas v. Shearson/Lehman Bros.*, 845 F.2d 1296 (5th Cir. 1988). In so doing, the Court recognized arbitration as an acceptable method of dispute resolution under the 1934 Exchange Act. *McMahon*, 107 S.Ct. at 2338–43.

■ Because Shearson almost certainly could not have obtained an order for arbitration of the Rule 10b–5 claim prior to *McMahon*, it did not waive its right to arbitrate the claim. *See Benoay v. Prudential–Bache Securities Inc.*, 805 F.2d 1437, 1440 (11th Cir.1986). There was no requirement that Shearson make a futile attempt to obtain arbitration on the federal claim given the state of the law; indeed, it would be difficult to argue that such an attempt had a basis in existing law. *See* Fed.R.Civ.P. 11 (by signing a pleading, an attorney certifies that the position advocated is "warranted by existing law or a good

faith argument for the extension, modification, or reversal of existing law"); *Miller*, 791 F.2d at 854 (no need for a party to engage in futile gestures to avoid a claim of waiver of arbitration).

■ Shearson correctly asserts that *McMahon* should be applied so that it now may arbitrate the Rule 10b–5 claim. *See Nesslage*, 823 F.2d at 238 (requiring arbitration of Rule 10b–5 claims after *McMahon* ). The general rule is that absent injustice, an appellate court should apply the case law in effect at the time it renders its decision. *Saint Francis College v. Al–Khazraji*, — U.S. —, 107 S.Ct. 2022, 2025, 95 L.Ed.2d 582 (1987). A new decision will be applied to a pending case when (1) the decision establishes a new principle of law, either by overruling clear past precedent upon which the litigants may have relied or by deciding an issue of first impression whose resolution was not clearly foreshadowed, (2) application of the decision will further its operation, as determined by looking at its history, purpose and effect, and (3) application of the decision will not create substantial inequity. *Chevron Oil Co. v. Huson*, 404 U.S. 97, 106–07, 92 S.Ct. 349, 355, 30 L.Ed.2d 296 (1971); *accord Jones v. Consolidated Freightways Corp. of Delaware*, 776 F.2d 1458, 1460 (10th Cir.1985).

The Fifth Circuit, applying the *Chevron* criteria, has considered whether *McMahon* should be applied to cases already pending, and has concluded that such application is warranted. *Noble v. Drexel, Burnham, Lambert, Inc.*, 823 F.2d 849, 850–51 (5th Cir.1987). We agree with that decision. First, *McMahon* overrules the considerable line of past authority which held that arbitration agreements of claims brought under the 1934 Exchange Act were unenforceable. *See McMahon*, 107 S.Ct. at 2349 n. 6 (Blackmun, J., concurring in part and dissenting in part). Second, the "strong federal policy in favor of arbitration—and the absence of any federal policy favoring securities litigation—suggests that the rule should be applied retroactively." *Noble*, 823 F.2d at 850 (footnote omitted). Third, though arbitration might impose some

hardship on Peterson at this stage, we cannot say that it would be unjust considering that this case has not yet been tried. *See id.* at 851. Peterson's Rule 10b–5 claim, therefore, is subject to arbitration.

■ The more difficult question is whether the state law claims also should be arbitrated. Shearson maintains that it did not waive arbitration of these claims because they were not arbitrable prior to the original trial date. Shearson relies on the "intertwining doctrine," which it maintains precluded it from seeking arbitration of the state law claims. This doctrine was rejected by *Byrd*, 470 U.S. at 217, 105 S.Ct. at 1240. It provided that "[w]hen arbitrable and nonarbitrable claims arise out of the same transaction, and are sufficiently intertwined factually and legally, the district court ... may in its discretion deny arbitration as to the arbitrable claims and try all the claims together in federal court." *Id.* at 217–18, 105 S.Ct. at 1241 (footnote omitted). Shearson maintains that the federal and state law claims were intertwined and that it could not have sought arbitration of any of the claims prior to the original trial date[1] because the Rule 10b–5 claim was not arbitrable.

We reject this argument for two reasons. First, the argument is premised on a misunderstanding of what constitutes circuit precedent. Shearson contends that, prior to *Byrd*, "the law of this circuit clearly required denial of arbitration on intertwined state law claims as well." Appellant's Brief at 10. Shearson then cites three cases in support of its contention, *Noland v. Gurley*, No. 83–K–247, slip op. (D.Colo. Oct. 15, 1985); *N. Donald & Co. v. American United Energy Corp.*, 585 F.Supp. 533 (D.Colo.), *aff'd*, 746 F.2d 666 (10th Cir.1984); and *Lane v. Dean Witter Reynolds Inc.*, 505 F.Supp. 610 (W.D.Okla. 1980).

Upon review of these cases, we find that only the *Lane* case arguably supports Shearson's position that the intertwining doctrine had been accepted in this circuit.

Shearson, however, cannot claim that a decision of a single district court within this circuit constituted the law of the circuit. To be sure, the court of appeals also is a lower federal court, but one which functions in a review capacity.

Additionally, there was a split in the circuits regarding the validity of the intertwining doctrine prior to the original trial date. *See Byrd*, 470 U.S. at 216–17, 105 S.Ct. at 1240 (recognizing that the Fifth, Ninth and Eleventh Circuits had relied on the doctrine, while the Sixth, Seventh and Eighth Circuits had disregarded the doctrine in favor of bifurcating the arbitrable and the nonarbitrable claims). The split of appellate authority, combined with the fact that the validity of the doctrine in Colorado and in the Tenth Circuit was an open question, should have indicated to Shearson that the doctrine of intertwining was not necessarily the law governing the instant case. But even assuming that the intertwining doctrine had been the law of the circuit, it was a discretionary doctrine; the district court had the ultimate authority to decide its applicability. *See Belke*, 693 F.2d at 1027. Given the open state of the law and the discretionary nature of the doctrine, Shearson probably should have requested arbitration of the state claims at the outset.

■ Despite our view of what good practice might have been, we must examine whether Shearson waived arbitration due to its inaction prior to the filing of its motion to compel arbitration and to stay the proceedings. In determining whether a party has waived its right to arbitration, this court examines several factors: (1) whether the party's actions are inconsistent with the right to arbitrate; (2) whether "the litigation machinery has been substantially invoked" and the parties "were well into preparation of a lawsuit" before the party notified the opposing party of an intent to arbitrate; (3) whether a party either requested arbitration enforcement close to the trial date or delayed for a long period before seeking a stay; (4) whether a

---

1. In its motion to compel arbitration and to stay the proceedings, Shearson sought arbitration of four of Peterson's state claims. It failed to request arbitration of Peterson's negligence claim. Consequently, Shearson has waived the right to arbitrate that claim.

defendant seeking arbitration filed a counterclaim without asking for a stay of the proceedings; (5) "whether important intervening steps [e.g., taking advantage of judicial discovery procedures not available in arbitration] had taken place"; and (6) whether the delay "affected, misled, or prejudiced" the opposing party. *Reid Burton Constr., Inc. v. Carpenters Dist. Council of S. Colorado*, 614 F.2d 698, 702 (10th Cir.), *cert. denied*, 449 U.S. 824, 101 S.Ct. 85, 66 L.Ed.2d 27 (1980).

■■■ Under these factors, we conclude that Shearson has waived its right to arbitrate the state law claims. First, Shearson's actions were inconsistent with its alleged intent to arbitrate because it prepared for a scheduled trial without objecting on the grounds of arbitration. *See* rec. vol. I at 65–66, 203–09. As we have discussed, given both the unsettled state of the law in this circuit concerning the intertwining doctrine and the discretionary nature of that doctrine, Shearson should have asked the district court for arbitration of the state law claims initially. Second, the parties were well into case preparation when the arbitration request was made; indeed, they would have gone to trial had the district court not rescheduled it. *See id.* at 210. Third, Shearson sought arbitration close to the trial date, for reasons which include Shearson's failure to examine the contract governing Peterson's accounts. Fourth, important intervening steps were undertaken which were unavailable in arbitration, such as deposing witnesses. *See id.* at 203–09; *Reid Burton*, 614 F.2d at 703. Finally, Shearson's delay in filing a motion to compel arbitration, until four months after the *Byrd* decision and approximately five weeks prior to the rescheduled trial date, affected and probably misled Peterson, who already had prepared for a trial. *See Reid Burton*, 614 F.2d at 703 (holding that defendant's request to arbitrate on the day of trial constituted sufficient prejudice for waiver of arbitration).

We hold that Shearson has waived its right to arbitrate Peterson's state law claims, but has retained a right to arbitrate the Rule 10b–5 claim. *See Byrd*, 470 U.S. at 217, 105 S.Ct. at 1240 (permitting bifurcation of intertwining claims to enable arbitration). Trial of the state law claims may proceed; the federal claim is subject to arbitration.

AFFIRMED IN PART and REVERSED IN PART and REMANDED.

The mandate shall issue forthwith.