**ECHOSTAR SATELLITE CORPORATION, Plaintiff,**

v.

**GENERAL ELECTRIC COMPANY, Defendant.**

**No. 92–C–1311.**

United States District Court, D. Colorado.

Aug. 26, 1992.

---

**856**

Thomas Overton, Denver, Colo., for plaintiff.

Joseph Bronesky, Denver, Colo., for defendant.

## MEMORANDUM OPINION AND ORDER

CARRIGAN, District Judge.

Plaintiff Echostar Satellite Corporation (Echostar) commenced this action asserting claims for: (1) fraud (first claim); breach of contract (second claim); (3) negligent misrepresentation (third claim); and (4) breach of the duty of good faith and fair dealing (fourth claim). Pursuant to 9 U.S.C. § 3 of the Federal Arbitration Act, the defendant General Electric Company (General Electric) has moved to stay these proceedings pending arbitration.

The parties have fully briefed the issues and oral argument would not be helpful.

Jurisdiction is alleged under 28 U.S.C. § 1332.

General Electric and Echostar entered into a contract dated January 22, 1990 for the construction of a high-powered direct broadcast communications satellite. The contract contains an arbitration clause which states, in pertinent part, that:

"Any dispute or disagreement arising between the parties in connection with any interpretation of any provision of this Contract, or the compliance or non-compliance therewith, or the validity or enforceability thereof, or any dispute under any ARTICLE hereof ... shall be settled by arbitration...." (Exhibit to the affidavit accompanying the defendant's motion to stay).

As the basis of its fraud and negligent misrepresentation claims, Echostar alleges that General Electric made numerous false statements regarding its ability to build a satellite which would meet Echostar's requirements and objectives. Furthermore, Echostar alleges that General Electric breached the contract by failing to build a satellite which met Echostar's power and performance requirements.

Defendant argues that Echostar's claims fall within the terms of the arbitration clause, and thus this action should be stayed pending arbitration. The plaintiff counters that the arbitration clause is unenforceable because it was induced by fraud.

Section 3, 9 U.S.C. states, in pertinent part, that:

"If any suit or proceeding be brought in any of the courts of the United States upon any issue referable to arbitration under an agreement in writing for such arbitration, the court in which such suit is pending, upon being satisfied that the issue involved in such suit or proceeding is referable to arbitration under such an agreement, shall on application of one of the parties stay the trial of the action until such arbitration has been had in accordance with the terms of the agreement...."

In its response to the defendant's motion for stay, the plaintiff does not contest that

the claims are arbitrable under the clause. Rather, Echostar argues that the arbitration clause is invalid because it was obtained through fraud.

In its complaint, although not part of any claim for relief, Echostar alleges that this clause is part of a complex fraudulent scheme which, in conjunction with the choice of law provision, deprives Echostar of its constitutional right to a jury trial and its ability to recover punitive or exemplary damages.

■■■■ Federal policy favors arbitration. *Peterson v. Shearson/American Express Inc.*, 849 F.2d 464, 465 (10th Cir.1988). A claim of fraud in the inducement of the entire contract containing an arbitration clause is properly referred to arbitration pursuant to § 3 of the Federal Arbitration Act. *Meyer v. Dans un Jardin, S.A.*, 816 F.2d 533, 538 (10th Cir.1987). However, "allegations of fraud in the inducement relating specifically to an arbitration provision may suspend application of such a provision." *Telum, Inc. v. E.F. Hutton Credit Corp.*, 859 F.2d 835, 837 (10th Cir. 1988). A plaintiff attempting to avoid an arbitration clause on the basis of fraud must plead fraud with the specificity required by Fed.R.Civ.P. 9(b). *Riley v. Kingsley Underwriting Agencies, Ltd.*, 969 F.2d 953 (10th Cir.1992). Issues regarding the scope of arbitrable issues "should be resolved in favor of arbitration." *Coffey v. Dean Witter Reynolds, Inc.*, 891 F.2d 261, 262 (10th Cir.1989) (quoting *Moses H. Cone Memorial Hosp. v. Mercury Constr. Corp.*, 460 U.S. 1, 24–25, 103 S.Ct. 927, 941, 74 L.Ed.2d 765 (1983)).

■■■ Echostar's complaint does not meet the requirements of Fed.R.Civ.P. 9(b) that "the *circumstances* of fraud ... be stated with particularity." *Brown v. Chaffee*, 612 F.2d 497, 503 (10th Cir.1979) (emphasis in original). Although Echostar attempts to plead fraud in the inducement of the arbitration clause, the plaintiff's allegations only assert fraud in the inducement of the contract. Echostar alleges that General Electric knew it was perpetrating a fraud in inducing Echostar to enter into the contract. With this knowledge, the plaintiff

alleges, General Electric attempted to protect itself from liability from the fraud by including the arbitration clause and a choice-of-law provision in the contract without negotiation. Plaintiff's allegations regarding the arbitration clause are vague and speculative. The allegations do not relate specifically to the arbitration clause, and thus they are insufficient to state fraud with the particularity required by Fed.R.Civ.P. 9(b).

Accordingly, IT IS ORDERED that the defendant's motion for stay of proceedings pending arbitration is granted.