**MALARKY ENTERPRISES, Plaintiff,**

v.

**HEALTHCARE TECHNOLOGY, LTD., Defendant.**

**Civil Action No. 96–2254–GTV.**

United States District Court, D. Kansas.

April 25, 1997.

Kurt S. Brack, Holbrook, Heaven & Fay, P.A., Merriam, KS, for Malarky Enterprises, Inc.

William R. Sampson, Paul W. Rebein, Shook, Hardy & Bacon, L.L.P., Overland Park, KS, for Healthcare Technology, Ltd.

## MEMORANDUM AND ORDER

VAN BEBBER, Chief Judge.

Plaintiff brings this diversity action asserting claims of breach of contract, unjust enrichment, and tortious interference with contract. The case comes before the court on defendant's motion (Doc. 10) to dismiss pursuant to Fed.R.Civ.P. 12(b)(6).[1] For the reasons set forth below, the motion is granted.

### I. Background

Plaintiff Malarky Enterprises, Inc., a Kansas corporation in the business of marketing and selling Cardiosport Heart Rate monitors and systems, entered into a Distributor Agreement in September 1994 with defendant Healthcare Technology, Ltd., a foreign corporation maintaining its principal place of business in the United Kingdom. Healthcare is the manufacturer of Cardiosport Heart Rate monitors and systems. Under the terms of the agreement, defendant appointed

---

1. Defendant has requested oral argument on its motion to dismiss. Because the court finds that oral argument would not be of material assistance in the resolution of the motion, the request is denied. See D. Kan. R. 7.2.

plaintiff the exclusive North American distributor of its products. On May 24, 1996, plaintiff filed this action alleging that defendant breached the Distributor Agreement in a variety of ways, unjustly enriched itself at plaintiff's expense, and interfered with plaintiff's prospective business relations.

Paragraph 16 of the Distributor Agreement, a copy of which plaintiff attached to its complaint, contains a mandatory arbitration provision, stating:

> Any dispute, controversy or claim arising out of or relating to this agreement, shall be settled by arbitration in England upon written notice of one to the other in accordance with the Arbitration and Conciliation Rules of the International Chamber of Commerce. Each party shall pay its own expenses in connection with the arbitration.

Defendant now moves to dismiss the case on the grounds that the arbitration clause in the Distributor Agreement forecloses the action.

## II. Standards

A court may not grant a motion to dismiss for failure to state a claim unless it appears that the plaintiff can prove no set of facts that would entitle it to relief. *Jacobs, Visconsi & Jacobs, Co. v. City of Lawrence*, 927 F.2d 1111, 1115 (10th Cir.1991). In considering such a motion, the court must assume the truth of all well-pleaded facts in the plaintiff's complaint and view them in the light most favorable to the plaintiff. *Zinermon v. Burch*, 494 U.S. 113, 118, 110 S.Ct. 975, 979, 108 L.Ed.2d 100 (1990). The court also must construe liberally the pleadings and indulge all reasonable inferences in favor of the plaintiff. *Lafoy v. HMO Colorado*, 988 F.2d 97, 98 (10th Cir.1993); *Swanson v. Bixler*, 750 F.2d 810, 813 (10th Cir.1984); Fed. R.Civ.P. 8(a). The issue in reviewing the sufficiency of a complaint is not whether the plaintiff ultimately will prevail, but whether it is entitled to offer evidence to support its claims. *Scheuer v. Rhodes*, 416 U.S. 232, 236, 94 S.Ct. 1683, 1686, 40 L.Ed.2d 90 (1974).

## III. Discussion

The arbitration provision at issue, revolving around a commercial agreement between entities of different nations to arbitrate in a foreign country, is governed by the Convention on the Recognition and Enforcement of Foreign Arbitral Awards ("Convention"), 9 U.S.C. § 201 note. The Convention was enacted to ensure the efficacy and to unify the standards of international commercial transactions. *Scherk v. Alberto–Culver Co.*, 417 U.S. 506, 516 n. 10, 94 S.Ct. 2449, 2456 n. 10, 41 L.Ed.2d 270 (1974). The United States and the United Kingdom are both Contracting States to the Convention, 9 U.S.C. § 201 note, art. XVI, which, having been ratified by Congress, is part of the law of the United States. U.S. Const. art. VI, cl. 2.

Article II of the Convention mandates that courts of a Contracting State recognize and enforce arbitration agreements unless such agreements are "null and void, inoperative or incapable of being performed." 9 U.S.C. § 201 note, art. II(3). The Tenth Circuit adheres to a four-part test in determining whether an international dispute should be referred to arbitration:

(1) Is there an agreement in writing to arbitrate the subject of the dispute?

(2) Does the agreement provide for arbitration in the territory of the signatory of the Convention?

(3) Does the agreement arise out of a legal relationship whether contractual or not, which is considered as commercial?

(4) Is a party to the agreement not an American citizen, or does the commercial relationship have some relation with one or more foreign states?

*Riley v. Kingsley Underwriting Agencies, Ltd.*, 969 F.2d 953, 959 (10th Cir.1992)(citing *Ledee v. Ceramiche Ragno*, 684 F.2d 184, 186–87 (1st Cir.1982)). If these questions are answered in the affirmative, the court is required to order arbitration. *Id.*

Only the first prong of the test is in controversy. Plaintiff contends that the arbitration provision is inapplicable because defendant has denied the existence of the Distributor Agreement. *See City of Wamego v. L.R. Foy Constr. Co.*, 9 Kan.App.2d 168, 675 P.2d 912, 916 (1984) (a party repudiating a

contract may not compel arbitration on any issue in the contract) (citing *Bertero v. Superior Court*, 216 Cal.App.2d 213, 30 Cal.Rptr. 719 (1963)). Defendant, however, does not dispute that it entered into and remains a party to a binding agreement with plaintiff. The fact that defendant's former managing director sent correspondence to plaintiff denying that a contract had been formed is irrelevant in light of defendant's present concession.[2] The court, therefore, finds that there is an agreement in writing to arbitrate the subject of this dispute.

Plaintiff further argues that even if an agreement does exist, defendant has waived its right to compel arbitration. As a consequence of the strong state and federal policies favoring arbitration, a party asserting a waiver of arbitration has a heavy burden of proof. *Peterson v. Shearson/American Express, Inc.*, 849 F.2d 464, 466 (10th Cir.1988); *D.M. Ward Constr. Co. v. Electric Corp.*, 15 Kan.App.2d 114, 803 P.2d 593, 597 (1990). A waiver of arbitration rights requires an unequivocal demonstration of intent to waive. *Jackson Trak Group, Inc. v. Mid States Port Auth.*, 242 Kan. 683, 751 P.2d 122, 129 (1988). In determining whether a party has waived its right to arbitration, the court examines the following factors:

> (1) whether the party's actions are inconsistent with the right to arbitrate; (2) whether the litigation machinery has been substantially invoked and the parties were well into preparation of a lawsuit before the party notified the opposing party of an intent to arbitrate; (3) whether a party either requested arbitration enforcement close to the trial date or delayed for a long period before seeking a stay; (4) whether a defendant seeking arbitration filed a counterclaim without asking for a stay of the proceedings; (5) whether important intervening steps (e.g., taking advantage of judicial discovery procedures not available in arbitration) had taken place; and (6) whether the delay affected, misled, or prejudiced the opposing party.

*Metz v. Merrill Lynch, Pierce, Fenner & Smith*, 39 F.3d 1482, 1489 (10th Cir.1994)

(citing *Peterson*, 849 F.2d at 467–68); *see also Jackson Trak*, 751 P.2d at 129 (describing situations in which party's conduct is inconsistent with arbitration clause). Plaintiff maintains that defendant waived the arbitration provision by initially denying the existence of the Distributor Agreement, engaging in activity reserved exclusively for litigation, and waiting almost five months after the filing of the complaint before attempting to enforce the arbitration clause.

The case that plaintiff cites in support of its proposition, *D.M. Ward, supra*, is distinguishable. There, the Kansas Court of Appeals held that a defendant's ten-month delay in claiming a right to arbitration constituted a waiver of that right. 803 P.2d at 598–99. Both parties in the action, however, had conducted a substantial amount of discovery prior to the time the defendant filed its motion to compel arbitration. *Id.* at 599. Moreover, the defendant's motion came just one month before the scheduled trial date. *Id.*

Nearly every case in which a party has been found to have waived its arbitration rights has involved a situation in which the party filed its motion to compel arbitration virtually on the eve of trial and/or after significant discovery had been conducted. *See, e.g., Metz*, 39 F.3d at 1489–90; *Peterson*, 849 F.2d at 467–68. In contrast, no discovery has been undertaken in the instant action and the trial date is five months away. Notwithstanding plaintiff's assertion, the parties' September 1996 scheduling conference does not constitute "substantial invocation of the litigation machinery." Although defendant initially denied the existence of the Distributor Agreement, it now concedes that a binding contract exists. Defendant's actions were not unduly dilatory; it raised the arbitration provision in its first responsive pleading. In sum, defendant's conduct does not evince an unequivocal intent to waive its arbitration rights, and plaintiff does not appear to have suffered any prejudice as a result of defendant's actions. Accordingly, the court shall dismiss the case without prejudice and refer the matter to arbitration as

---

**2.** In its reply brief, defendant expressly disavows the correspondence of its former managing director and concedes that it entered into a binding Distributor Agreement with plaintiff.

set forth in the parties' Distributor Agreement.

IT IS, THEREFORE, BY THE COURT ORDERED that defendant's motion to dismiss (Doc. 10) is granted.

**IT IS SO ORDERED.**