**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**AUG 10 2000**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

---

ANASTACIO FERNANDEZ, JR.,

      Petitioner-Appellee,

v.

HANK GALETKA, Warden, Utah
State Prison; JAN GRAHAM,
Attorney General of the State of Utah,

      Respondents-Appellants.

No. 00-4017
(D.C. No. 97-CV-318J)
(D. Utah)

---

**ORDER AND JUDGMENT**[*]

---

Before **HENRY** and **BRISCOE**, Circuit Judges, and **ALLEY**, Senior District Judge.[**]

---

After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument.

---

[*] This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

[**] The Honorable Wayne E. Alley, Senior District Judge, United States District Court for the Western District of Oklahoma, sitting by designation.

Respondents appeal from a district court judgment granting a writ of habeas corpus under 28 U.S.C. § 2254. We have jurisdiction under 28 U.S.C. § 1291 and § 2253(a).

A developing legal issue is presented in this case, namely, the proper standard for decision under 28 U.S.C. § 2254(d), which was enacted by the Anti-Terrorism and Effective Death Penalty Act of 1996 (AEDPA). The Supreme Court recently addressed this issue in *Williams v. Taylor*, 120 S. Ct. 1495 (2000), after the district court's decision in this case. On appeal, we apply current decisional law. *Peterson v. Shearson/American Express*, 849 F.2d 464, 466 (10th Cir. 1988). Under this law, we are compelled to find that the district court erroneously granted relief and, therefore, reverse the judgment.

Standard of Review

The AEDPA governs petitioner's federal habeas petition, which was filed April 22, 1997. *Williams v. Taylor*, 120 S. Ct. 1479, 1486 (2000). The petition presents a single claim for relief: that petitioner was denied his constitutional right to effective assistance of counsel during a trial of felony charges. This claim was fully heard and decided on the merits by the Utah courts in state post-conviction proceedings. In this situation, our review is governed by 28 U.S.C. § 2254(d):

> [W]hen reviewing the merits of a claim already decided by the state courts, we are bound to deny relief unless the state . . . court's

decision "was contrary to, or involved unreasonable application of, clearly established Federal law, as determined by the Supreme Court" or "resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding."

*LaFevers v. Gibson*, 182 F.3d 705, 711 (10th Cir. 1999) (quoting 28 U.S.C. § 2254(d)(1) & (2)). As petitioner does not challenge any determination of facts by the state courts, his claim falls squarely within § 2254(d)(1).

In *Williams*, 120 S. Ct. at 1523, a majority of the Supreme Court held as follows concerning the proper analysis under § 2254(d)(1):

> Under the "contrary to" clause, a federal habeas court may grant the writ if the state court arrives at a conclusion opposite to that reached by [the Supreme] Court on a question of law or if the state court decides the case differently than [the Supreme] Court has on a set of materially indistinguishable facts. Under the "unreasonable application" clause, a federal habeas court may grant the writ if the state court identifies the correct governing principle from [the Supreme] Court's decisions but unreasonably applies that principle to the facts of the prisoner's case.

Further concerning the "unreasonable application" clause, the Court said:

> [A] federal habeas court may not issue the writ simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly. Rather, that application must also be unreasonable.

*Id.* at 1522; *Van Woudenberg v. Gibson*, 211 F.3d 560, 566 n.4 (10th Cir. 2000).

Factual and Procedural Background

The State of Utah initiated a criminal prosecution against petitioner on April 7, 1986, by information charging him with two counts of rape of a child, a

violation of Utah Code Ann. § 76-5-402.1. The alleged victim was petitioner's daughter, and the charged incidents occurred in October 1983 and April 1985 when she was ages 11 and 13. A jury trial was held May 8 and 9, 1986. Witnesses for the prosecution were petitioner's daughter, a police detective, and a gynecologist who examined the girl in April 1986. Petitioner's witnesses were his wife and himself, who testified in support of the defense theory that the allegations were fabricated by the child. In rebuttal testimony, a psychologist opined that the daughter suffered from post-traumatic stress disorder and was a victim of sexual molestation. The jury found petitioner guilty on both counts, and he was sentenced to consecutive 15-year to life terms of imprisonment. Upon timely appeal to the Utah Supreme Court, the sentences were modified in November 1987 to concurrent 15-year terms. At all stages of these initial proceedings, petitioner was represented by one attorney, Clinton S. Judkins.

In April 1988, petitioner filed a state habeas corpus action in a different judicial district from the one where he was tried, claiming ineffective assistance of counsel and juror bias.[1] The petition was dismissed for procedural default, but the Utah Supreme Court reversed the dismissal and remanded for a merits determination of the ineffective assistance claim. *Fernandez v. Cook*, 783 P.2d

---

[1] Mr. Judkins is now a district court judge in the district where petitioner's trial occurred.

-4-

547, 550 (Utah 1989). After an evidentiary hearing in March 1990, the state district court ruled in favor of petitioner on his ineffective assistance claim and ordered his conviction set aside. (Aplt. App. at 76-80.) Witnesses at the hearing included the gynecologist who had testified at trial, petitioner, Mr. Judkins, and a lawyer who appeared as an expert in criminal defense. The written decision issued July 18, 1990, contained these "Findings of Fact":

1.      Trial counsel, Clinton S. Judkins, . . . failed properly to prepare for trial and prosecute the case vigorously, and as such his representation fell outside the range of competent assistance . . . .

2.      The Court finds that, notwithstanding that Clinton S. Judkins failed to undertake formal discovery . . . , that [petitioner] was not prejudiced since discovery materials were provided to counsel under the Cache County Attorney's open file policy.

3.      Discovery materials were provided by the Cache County Attorney's Office to Clinton S. Judkins of Dr. Gibb's examination notes; defense counsel Judkins was aware that the prosecutrix had alleged sexual intercourse had occurred in excess of 100 times with [petitioner]; that a pelvic examination conducted one year after the last alleged incident of sexual intercourse was inconclusive as to whether or not the prosecutrix had previously engaged in sexual intercourse, and such fact was never argued to the jury in support of the defense theory of fabrication.

4.      Clinton S. Judkins failed to interview Mrs. Wendy Sanders, Michelle Sanders, Shelly Spackman, or Brenda Riggs, witnesses who had some knowledge of the allegations. Rather, Judkins directed that such witnesses be interviewed by Mrs. Arselia Fernandez, [petitioner's] wife; the result, if any, of that investigation was not made known at trial.

5.      Clinton S. Judkins failed to interview Dr. Gary Sazema [sic], a clinical psychologist, who conducted an evaluation at the

behest of the State of Utah one day prior to the time set for trial to assess his findings regarding post-traumatic stress disorder.

6. The Court finds that there is a reasonable probability that a different result would have occurred in this case had counsel interviewed witnesses; prepared petitioner and his wife for their trial testimony; cross-examined the victim vigorously about the number of times she had engaged in sex with her father and their relationship; more effectively cross-examined Dr. Gibbs to establish the fact that the examination he prepared was inconclusive as to whether or not [the victim] had sexual intercourse with her father; had obtained an independent opinion as to the validity or invalidity of Dr. Sazema's [sic] conclusions so that counsel could prepare to rebut or minimize the effect of the doctor's testimony; and had presented sufficient testimony evidence to prove that [the victim] had fabricated her story.

7. Clinton S. Judkins, in his opening statement informed the jury that as his defense he would prove fabrication. The record indicates he was not prepared to prove such a defense.

8. The Court finds that had counsel Clinton S. Judkins zealously represented his client, as set forth above, regarding pre-trial investigation, that effective cross-examination could have taken place in regard to the prosecutrix . . . and other witnesses.

9. The Court finds that the fact that the matter went to trial within 23 days or less from Circuit Court Arraignment did not prejudice the petitioner.

10. The Court finds from reading the record that defense counsel Clinton S. Judkins had not prepared himself or his witnesses adequately to be effective at [petitioner's] trial.

    . . . .

12. The Court finds that trial counsel's lack of pre-trial preparation, under the totality of circumstances, was ineffective assistance, that prejudiced the trial result, resulting in a violation of

the United States Constitution, Sixth Amendment guarantee to Assistance of Counsel.

(Aplt. App. at 77-79.) The State dismissed its initial appeal of this decision in order to pursue a motion for new trial. The state district court heard the motion in April 1991 but declined to receive any further evidence. (Aplt. App. at 722-23.) The court instead granted a motion in limine made by petitioner to prevent the State from presenting any witnesses, thus excluding proposed testimony of the victim, the prosecutor, Mr. Judkins, and witnesses whose absence during the criminal trial allegedly prejudiced petitioner's defense. (Aplt. App. at 711-25.) The district court subsequently denied the new trial motion.

On appeal, the Utah Supreme Court reversed the habeas corpus decision and vacated the grant of relief. *Fernandez v. Cook*, 870 P.2d 870, 878 (Utah 1993). The supreme court viewed some findings labeled as factual by the lower court to be legal conclusions not entitled to deferential review. *Id*. at 874-875. The supreme court found that many alleged errors by Mr. Judkins were matters of trial tactics or strategy and within the realm of reasonable professional judgment. *Id*. at 876-77. The supreme court went further, however, to find that "[i]n any event, even assuming that trial counsel was in some way deficient," petitioner had failed to meet his burden of satisfying the prejudice requirement, that is, of showing that "but for counsel's acts or omissions there is a reasonable probability that the result at trial would have been different." *Id*. at 877, 878.

Discussion

The record is clear that the Utah courts analyzed petitioner's ineffective assistance claim under the proper standard of *Strickland v. Washington*, 466 U.S. 668 (1984). The dispositive issue in this appeal is whether the Utah Supreme Court's rejection of petitioner's claim under that standard was unreasonable. We conclude that it was not.

The alleged errors by trial counsel of which petitioner complains are: failure to prepare, investigate, and interview witnesses; failure to conduct formal discovery; failure to interview Dr. Gibbs (the gynecologist) and to introduce a letter he wrote containing favorable evidence; failure to interview Dr. Sazama (the psychologist), to oppose his last minute endorsement, or to rebut effectively his testimony; failure to interview other potential witnesses; failure to prepare petitioner and his wife for their testimony; and failure to provide a zealous defense and vigorous cross-examination of the victim. (Aplt. App. at 10-12.)

We agree with Utah's highest court that, assuming counsel's performance was deficient, petitioner did not satisfy his burden to demonstrate that he was prejudiced by Mr. Judkins' alleged errors or omissions. "[I]neffectiveness claims alleging a deficiency in attorney performance are subject to a general requirement that the [criminal] defendant affirmatively prove prejudice." *Strickland*, 466 U.S. at 693. "Even if a defendant shows that particular errors of counsel were

unreasonable, therefore, the defendant must show that they actually had an adverse effect on the defense." *Id*. Establishing prejudice does not require proof by a preponderance of the evidence that counsel's deficient conduct affected the outcome of the case. *Id*. at 693-94. Rather, the criminal "defendant must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding probably would have been different." *Id*. at 694. "When a defendant challenges a conviction, the question is whether there is a reasonable probability that, absent the errors, the factfinder would have had a reasonable doubt respecting guilt." *Id*. at 695. "In making this determination, a court hearing an ineffectiveness claim must consider the totality of the evidence before the judge or jury." *Id*.

Here, petitioner primarily complains of inadequate pretrial preparation and investigation by defense counsel. Petitioner made little effort during state post-conviction proceedings, however, to show that more thoroughness by Mr. Judkins could have produced evidence that would create doubt as to guilt. The only lay witnesses identified by petitioner as wrongly omitted from the trial were friends of the victim and teachers or other school officials who might have testified about the victims's school record or performance. The missing friends were persons to whom the victim reported the alleged abuse. No evidence concerning their possible testimony was offered; nothing suggests that they might have provided

testimony that was exculpatory or otherwise helpful to the defense. Similarly, petitioner did not proffer any school-related testimony or documents to show what a better investigation in this area might have uncovered.[2] Other allegedly omitted evidence bearing on the victim's credibility, such as her statement during a videotaped interview that she had to clean herself up after the first attack and had difficulty walking the next day, was fairly presented at trial. (Aplt. App. at 298-299, 300, 325-26.)

As to experts, petitioner also failed to show how different conduct by counsel would have affected the impact of their testimony. Dr. Gibbs, the gynecologist, testified that his physical examination of the victim was inconclusive as to whether she had had sexual intercourse. The factual information contained in his letter – that there was no evidence of laceration, that the hymenal band was present entirely throughout the vaginal opening, that a small speculum could not be inserted without discomfort, and that a one-finger digital examination revealed that introitus was adequate but rather tight – was repeated during his trial testimony. ( Aplt. App. at 343.) The only statement from Dr. Gibbs' letter omitted at trial was that he "would be surprised if [the

---

[2] The record contains an affidavit of Mrs. Fernandez stating that her daughter's school and social activities did not appear to be affected. (Aplt. App. at 186.) As discussed further below, however, this evidence was procured by petitioner in August 1993, *after* the Utah Supreme Court's decision.

victim] was regularly sexually active." (Aplt. App. at 703.) Petitioner argues that this opinion could have been used to discredit the victim's report that the sexual abuse occurred repeatedly during the time interval between the two charged incidents. Essentially the same opinion, however, was elicited during defense counsel's cross-examination of Dr. Gibbs. After confirming Dr. Gibb's testimony to be that the victim's vaginal opening "was very small," Mr. Judkins asked whether "a woman who has been sexually active would have a large . . . as opposed to a tight vaginal opening," to which Dr. Gibbs responded: "Relatively so." (Aplt. App. at 107-08.) This testimony revealed the alleged inconsistency between the medical evidence and the victim's story of regular sexual abuse.

Petitioner's strongest complaint concerns Dr. Sazama's psychological opinion that the victim suffered from post-traumatic stress disorder (PTSD). His testimony provided damaging evidence that a defense attorney should have sought to prevent or discredit. Petitioner's effort to prevail on this aspect of his ineffective assistance claim, however, suffers from the same flaw as his other complaints. Petitioner made no effort in state court to demonstrate that Mr. Judkins might have successfully excluded Dr. Sazama's rebuttal testimony or that its substance was vulnerable to attack. The only record evidence drawing into question Dr. Sazama's diagnosis is an affidavit of Mrs. Fernandez stating that her daughter did not exhibit many of the characteristics of a person suffering from

PTSD. (Aplt. App. at 185-86.) It is unclear whether this affidavit was ever presented to the state courts, but an examination of the affidavit reveals that it postdates the Utah Supreme Court's decision. (Aplt. App. at 53, 187.) According to the appellate record, petitioner's first attempt to present countervailing psychological testimony came in federal court after the magistrate judge issued an unfavorable report and recommendation, when petitioner submitted a summary of proposed evidentiary issues and evidence at the district court's request. (Aplt. App. at 188-92.)

As we understand petitioner's argument on appeal, the federal district judge could properly have considered this new evidence and made a de novo determination of the ineffective assistance claim based on it. This argument is incorrect. The district court did not conduct an evidentiary hearing, so petitioner's proposed evidence was never admitted. More importantly, the AEDPA prohibited a federal court hearing under the circumstances. Petitioner received an opportunity to present evidence in support of his ineffective assistance claim in state district court. The record does not suggest that the state courts imposed any limits on petitioner's ability to introduce any evidence he wished during trial proceedings on his post-conviction claim. To the contrary, it was petitioner who actively opposed the State's effort to expand the trial court

-12-

record to include additional evidence. Thus any lack of evidence in the state court record is entirely petitioner's fault.

Petitioner's failure to develop the factual basis of his claim in state court proceedings triggers 28 U.S.C. § 2254(e)(2), which establishes preconditions to an evidentiary hearing in federal court. *See Williams v. Taylor*, 120 S. Ct. 1479, 1488 (2000) (defining the statute's opening clause to require a "lack of diligence, or some greater fault.") Petitioner has made no effort to satisfy these conditions. Therefore, the federal district court could not receive any additional evidentiary matter submitted by petitioner.

In summary, the evidence presented in the state court proceedings – during petitioner's criminal trial and post-conviction hearings – was insufficient to establish a reasonable likelihood that, absent defense counsel's alleged errors, the jury would found reasonable doubt about petitioner's guilt. Therefore, the Utah Supreme Court neither erred nor acted unreasonably in rejecting petitioner's claim of ineffective assistance of trial counsel.

<u>Conclusion</u>

The judgment of the United States District Court for the District of Utah is REVERSED. We remand the case to the district court with directions to enter a judgment for respondents denying the petition for a writ of habeas corpus.

ENTERED FOR THE COURT

-13-

WAYNE E. ALLEY

Senior District Judge