**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**February 5, 2008**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

WESLEY I. PURKEY,

     Plaintiff-Appellant,

v.

CCA DETENTION CENTER;
FREDRICK LAWRENCE; ANDRE
FORD; MARTETO WILLINGHAM;
JACQUELYN BANKS; KENNETH
DAUGHERTY; LANCE ADKINS;
and MICHAEL SULLIVAN,

     Defendants-Appellees.

No. 06-3389

(D.C. No. 03-3157-CM)
(D. Kan.)

**ORDER AND JUDGMENT**[*]

Before **MCCONNELL**, **BALDOCK,** and **GORSUCH**, Circuit Judges.

Defendant Corrections Corporation of America (CCA) is a private Maryland

corporation under contract with the United States Marshals Service to detain and

house federal prisoners. Plaintiff Wesley Purkey, a federal prisoner formerly held

at CCA's facility in Leavenworth, Kansas, instituted this suit in federal court against

CCA and various CCA employees. Purkey's Amended "Petition" (Complaint) states

multiple <u>Bivens</u> claims for alleged violations of his constitutional rights, as well as

---

[*] This order and judgment is not binding precedent except under the doctrines
of law of the case, res judicata, and collateral estoppel. It may be cited, however,
for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

one pendant state law tort claim.

In the district court, Defendants filed a Motion to Dismiss. The district court concluded Purkey failed to prove he exhausted available administrative remedies in regard to Count VI of his Amended Complaint, which states a claim for excessive force. The Prison Litigation Reform Act (PLRA) requires that prisoners exhaust available administrative remedies before they initiate lawsuits related to the conditions of their confinement. See Jernigan v. Stuchell, 304 F.3d 1030, 1032 (10th Cir. 2002). Consequently, the district court granted Defendants' motion and dismissed Purkey's entire Amended Complaint without prejudice.

On appeal, Purkey argues the district court erred in: (1) placing the burden of proving he exhausted available administrative remedies on him; (2) ruling he failed to exhaust available administrative remedies in regard to Count VI, and (3) dismissing his entire Amended Complaint without prejudice. We have jurisdiction under 28 U.S.C. § 1291. We vacate and remand in order to give the district court an opportunity to reconsider its opinion in light of the Supreme Court's decision in Jones v. Bock, 127 S. Ct. 910 (2006), and resulting changes in our Court's PLRA precedent.

## I.

The PLRA states that: "No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative

2

remedies as are available are exhausted." 42 U.S.C. § 1997e(a). The PLRA's requirement that an inmate exhaust all available administrative remedies before initiating suit is "mandatory," whether or not such remedies "meet federal standards." Woodford v. Ngo, 126 S. Ct. 2378, 2382 (2006). This "exhaustion requirement applies to all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong." Porter v. Nussle, 534 U.S. 516, 532 (2002).

Prior to the Supreme Court's ruling in Jones, we issued our opinions in Steele v. Federal Bureau of Prisons, 355 F.3d 1204 (10th Cir. 2003), and Ross v. County of Bernalillo, 365 F.3d 1181 (10th Cir. 2004). Steele held that prisoners have the burden of pleading the exhaustion of available administrative remedies under the PLRA and that failure to properly plead exhaustion of such remedies amounts to failure to state a claim upon which relief may be granted. See 355 F.3d at 1209-10. In Ross, we held that the PLRA incorporates a total exhaustion requirement. See 365 F.3d at 1189. Thus, we held an inmate's entire case must be dismissed if it contains a single unexhausted claim. See id.

In this case, the district court faithfully applied Steele in placing the burden on Purkey to plead exhaustion of available administrative remedies. The district court also followed our ruling in Ross in dismissing Purkey's entire Amended Complaint once it concluded Purkey had not exhausted available administrative remedies in regards to Count VI. As we have recognized, however, "Jones overrules

3

[both] <u>Steele</u> and <u>Ross</u>." <u>Freeman v. Watkins</u>, 479 F.3d 1257, 1260 (10th Cir. 2007).

In <u>Jones</u>, the Supreme Court addressed several procedural requirements adopted by lower courts, requiring a prisoner, under the PLRA, to "allege and demonstrate exhaustion in his compliant . . . and requir[ing] courts to dismiss the entire action if the prisoner fails to satisfy the exhaustion requirement as to any single claim in his compliant." 127 S. Ct. at 914. The Supreme Court's holding in <u>Jones</u> that "failure to exhaust is an affirmative defense under the PLRA, and that inmates are not required to specially plead or demonstrate exhaustion in their complaints" clearly abrogated our holding in <u>Steele</u>. <u>Id.</u> at 921. Similarly, the Supreme Court's conclusion in <u>Jones</u> that the PLRA does not alter the legal norm by which "[o]nly" unexhausted (or "bad claims") in a complaint "are dismissed" – rather than "the complaint as a whole" – abrogates our holding in <u>Ross</u>. <u>Id.</u> at 924.

Post-<u>Jones</u>, we stated that prisoners "no longer [have] the duty of pleading exhaustion." <u>Freeman</u>, 479 F.3d at 1260. "As <u>Jones</u> makes clear, exhaustion is an affirmative defense and defendants now have the burden of asserting the failure to exhaust in their respons[ive] pleadings." <u>Id.</u> Relying on <u>Jones</u>, we also recently held that "the burden of proof for the exhaustion of administrative remedies in a suit governed by the PLRA lies with the defendant." <u>Roberts v. Barreras</u>, 484 F.3d 1236, 1241 (10th Cir. 2007). Further, we have recognized that "under the newly announced rules of <u>Jones</u>," the failure to exhaust available administrative remedies

4

"on one claim does not warrant dismissal of the entire action." Id. at 1244.

## II.

The district court did not have the opportunity to apply Jones, or our post-Jones case law, when it ruled on Defendants' motion. As a result, and through no fault of its own, the district court's treatment of Defendants' Motion to Dismiss was in error. See Peterson v. Shearson/American Express, Inc., 849 F.2d 464, 466 (10th Cir. 1988) ("The general rule is that[,] absent injustice, an appellate court should apply the case law in effect at the time it renders its decision."). A remand is necessary in order to give the district court an opportunity to apply the new PLRA framework – as laid down by Jones and our post-Jones precedents – to the present case.

Defendants raised the issue of exhaustion in regard to Count VI in their memorandum in support of their Motion to Dismiss. As such, Defendants satisfied their post-Jones "burden of asserting the failure to exhaust in their respons[ive] pleadings." Freeman, 479 F.3d at 1260. On remand, however, Defendants also bear the burden of proving Purkey failed to exhaust available administrative remedies in regard to Count VI. See Roberts, 484 F.3d at 1241. Thus, Defendants must necessarily prove that: (1) administrative remedies were, in fact, available to Purkey after he left CCA's custody, and (2) Purkey failed to exhaust these remedies.[1] If the

---

[1] At this juncture, we are unsure whether administrative remedies were, in
(continued...)

5

district court concludes administrative remedies were, in fact, available to Purkey and that Purkey failed to exhaust these remedies, only Purkey's unexhausted claims may be dismissed. See Freeman, 479 F.3d at 1260 (stating that "'if a complaint contains both good and bad claims, . . . court[s] proceed[] with the good and leave[] the bad'" (quoting Jones, 127 S. Ct. at 924)).

REVERSED AND REMANDED.

Entered for the Court,


Bobby R. Baldock
United States Circuit Judge

---

[1](...continued)
fact, available to Purkey after he left CCA's custody or whether Purkey failed to exhaust the administrative remedies actually available to him. CCA's grievance policy merely states that: "If a grievance is submitted for review and the grievant is released from custody, efforts to resolve the grievance will *normally* continue." See Policy 14-5.5(I)(3) (emphasis added). This section hardly states an unequivocal rule. Further, nothing in § 14-5.5(I)(3) clearly indicates that prisoners released from CCA's custody are required to comply with all other sections of CCA's grievance policy, including those sections pertaining to appeals.